DEER LODGE COUNTY, appellant, v. KOHRS, respondent.

PROBATE COURTS — *jurisdiction defined by legislature.* The ninth section of the Organic Act of the Territory provides that "the jurisdiction of * * * probate courts * * * shall be limited by law," and thereby confers upon the legislative assembly the power to regulate the probate jurisdiction of the probate courts.

SAME — *cannot render judgments for waste.* The probate courts can make necessary orders for the settlement of the estates of deceased persons, but cannot render judgments against administrators for receiving moneys belonging to estates and failing to account therefor.

SAME — *jurisdiction is not limited by amount involved.* The second section of the amendment to the Organic Act, approved March 2, 1867, provides that the probate courts, "in addition to their probate jurisdiction, are hereby authorized to hear and determine civil causes wherein the damage or debt claimed does not exceed $500," and certain "criminal cases." *Held,* that this section does not affect the probate jurisdiction of the probate courts.

" *Civil action*" *defined — trial — judgment.* In a civil action, the issues are formed by the averments of the complaint and denials of the answer or replication to new matter; and the trial of these issues takes place by the introduction of legal evidence to support the allegations of the pleadings, and the judgment is conclusive upon the rights of the parties.

SAME—*proceedings in probate courts.* Proceedings charging an administrator with the commission of waste are not civil actions within the meaning of said Organic Act.

*Appeal from probate court proceedings.* An appeal is not allowed from the summary proceedings of the probate courts in determining charges of waste against administrators.

## Appeal from Second District, Deer Lodge County.

KOHRS was the administrator of the estate of Frederickson, deceased. The Board of County Commissioners of Deer Lodge County commenced this action in behalf of the county, which was a creditor of the estate. The probate court entered judgment in favor of Kohrs, January 25, 1873. An appeal was then taken to the district court and dismissed by the court, KNOWLES, J., upon the motion of Kohrs.

J. C. ROBINSON, District Attorney, Second District, and CHU MASERO & CHADWICK, for appellant.

The Organic Act and amendment thereto give probate courts

entire jurisdiction of the acts of administrators in taking charge
of estates of deceased persons.   These are the only courts that
can call administrators to account for malfeasance in the perform-
ance of their duties.   Creditors can apply for an inquiry, if ad-
ministrator has not made just accounts, and probate courts can
direct issues to be tried thereon.   Cod. Sts. 365, §§ 272, 274.

The district court had jurisdiction of this case.   The probate
court could act and decide the questions of waste and the amount
thereof.   An action could be brought, based on such findings of
waste, in some court having jurisdiction to render judgment for
the amount so found.   Congress intended that probate courts
should render judgment for the amount of such waste.

The second section of the amendment to the Organic Act ex
tended the power of probate courts.   " In *addition* to their pro-
bate jurisdiction," is the language used.   The limitation of the
jurisdiction to $500 applies to what are legitimate civil cases.
Unless probate courts can render judgments in matters belonging
to their probate jurisdiction, no proper or effectual administration
of estates can be had.

SHARP & NAPTON, for respondent.

The probate court did not have jurisdiction of this action.
Amendment to Organic Act, § 2; Civ. Pr. Act, § 628; Burrill and
Bouv. Dict., " Probate."

WADE, C. J.   The only question involved in this case relates to
the jurisdiction of the probate court.   This action was commenced
in the probate court of Deer Lodge county, and from thence ap-
pealed to the district court, wherein it was decided that the pro-
bate court had no jurisdiction in the case, and from this decision
appeal was taken to this court.

The complaint charges that the administrator committed waste
in this, that he converted to his own use about $1,800 worth of
the property of the estate, and failed to account for the same to
the estate or to the creditors thereof, of whom this plaintiff is one,
and asks a judgment against such administrator for double the
amount of the property thus wasted, in pursuance of a provision
of the statute.

It is claimed that this proceeding is a *civil action*, and that, by virtue of section 2 of the amendment to the Organic Act, wherein it is provided that probate courts, in addition to their probate jurisdiction, shall have authority to hear and determine civil causes, wherein the debt or demand claimed does not exceed $500, necessarily excludes the jurisdiction of the probate court to hear the matters herein involved, for the reason that more than $500 are in dispute.

To decide this case properly it will be necessary to determine what is meant by the term "probate jurisdiction," as used in the Organic Act.

The Organic Act provides (section 9) that the jurisdiction of the probate courts shall be limited by law.

This section, therefore, confers upon the legislature authority to define the probate jurisdiction of this court, and, in pursuance of this authority, the legislature has bestowed upon such courts jurisdiction as follows:

Civ. Pr. Act, § 626. "There shall be in each county a probate. court, with the jurisdiction conferred by this chapter."

The jurisdiction conferred by the chapter, so far as it affects this case, is as follows:

Civ. Pr. Act, § 627. "The probate court shall have power to open and receive the proof of last wills and testaments, and to admit them to probate; to grant letters testamentary of administration and of guardianship, and to revoke the same for cause shown, according to law; to compel executors and administrators and guardians to render an account when required, or at the period by law designated; to order the sale of property of estates, or belonging to minors; to order the payment of debts due by estates; to order and regulate the partitions of property or estates of deceased persons; to compel the attendance of witnesses; to appoint appraisers or arbitrators; to compel the production of title deeds, papers or other property of an estate or of a minor, and to make such other orders as may be necessary and proper, in the exercise of the jurisdiction conferred on the probate court."

Here is the jurisdiction of the probate courts, as it relates to the settlement of estates, and it will be observed that, although

the court can make all the necessary orders in the premises, it cannot render judgments.

By virtue of this section, the probate court is clothed with authority to appoint administrators, and, therefore, to place in their hands the property belonging to estates, and to compel a settlement and distribution of the property. And by appropriate legislation, and in order to carry out and to exercise the jurisdiction conferred by the foregoing section, the probate court has authority to cause an administrator to file an inventory of the estate; to cite such administrator to render an account at any time; to hear exceptions to his accounts; to hear charges against him or other persons for embezzling the property of the estate, and also to hear charges as to the commission of waste by such administrator. All these powers and this authority necessarily grow out of the jurisdiction conferred by section 627, and are purely of probate jurisdiction, and are not affected by the $500 limitation, contained in section 2 of the amendment to Organic Act, because they are not civil actions. All this authority is necessary to properly preserve and administer an estate. But it was not contemplated by the legislature that judgments could be rendered against an administrator in any of these cases, for the probate court, when exercising its probate jurisdiction as conferred by section 627, makes orders but does not render judgments. And so it is, if the accounts of an administrator show a deficiency, the court can order the amount due from the administrator to be paid to the persons legally entitled to receive the same, and if the order is not obeyed, the only remedy is to bring a civil action in a court of competent jurisdiction for a judgment. And so upon an order of distribution the probate court cannot enforce the order, but if the distributive share is not paid as ordered, the order and proceedings of the probate court lay the foundation for a civil action, wherein judgment and execution can be had. Therefore it is that actions to compel an account to be rendered, to hear exceptions to accounts, for embezzling the assets, for waste against an administrator, or for the distribution of an estate, are not *civil actions*, but are *proceedings*, and come within the direct line of probate jurisdiction.

The case before us was for waste, that is, the administrator was

charged with receiving about $1,800 belonging to the estate, and failing to account for the same.    There is no doubt but that the probate court had authority to inquire, in a summary manner, as to the facts charged, and to make an order thereon, but not to render a judgment, because the mode of trial is not such as would support and make valid any judgment that might be rendered. That this is the meaning of the statute is evident.    Section 274 of the act concerning administrators and executors, provides, "Upon such application (an application charging the administrator with waste) the court shall direct an issue to be made up, whether there be waste. or not, which *shall be tried as demands against the estate.*"

How are demands against the estate to be tried?    The same act, section 201, answers this question: "The probate court shall hear and determine all demands in a summary way without the form of pleading, and shall take the evidence of competent witnesses, or other legal evidence."

Then, if the administrator is charged with the commission of waste, the matter is to be tried as demands against the estate are tried, that is in a summary way, without the form of pleading. The statute, both as to demands against the estate and as to waste, provides for the rendition of a judgment.    But can a judgment be rendered in this summary manner without a legal, formal trial?    Can a judgment be rendered without pleadings, and without the legal formation of an issue?    What would such a trial determine, and could it be plead in bar?    A bar to what?    There is nothing to show upon what the judgment was founded, and nothing by which any one could be informed as to what was tried and determined by the judgment.    The whole proceeding would show simply a judgment, rendered upon an undefined issue, without pleadings, and as to what was tried, or what was left untried, no one could guess, much less legally determine.    Such a judgment, rendered in this summary manner, would not bar a civil action in a court of competent jurisdiction upon the same subject-matter, so that the rendition of such a judgment by the probate court would amount simply to an order, and this is what was contemplated by section 627, wherein jurisdiction is conferred.

2.  What is a civil action?    It is an action wherein an issue is

presented for trial formed by the averments of the complaint, and the denials of the answer, or the replication to new matter, and the trial takes place by the introduction of legal evidence to support the allegations of the pleadings, and a judgment in such an action is conclusive upon the rights of the parties, and could be plead in bar. But an action, the issues to which are made up in a summary way, without pleadings, without a formal issue, without any definite means of knowing what is to be tried, an undefined oral arrangement, a sort of inquisition, where charges are made in the dark, and where the party can have depositions taken at his own expense, but not otherwise, as provided in section 202, even if testimony should be thought necessary in such a trial, cannot be dignified by the name of a "civil action," and it hardly reaches the dignity of a "proceeding."

We therefore conclude that proceedings to establish demands against estates, or to charge an administrator with waste, are not civil actions within the meaning of the Organic Act, and are unaffected by the $500 limitation contained in the amended act.

Upon an appeal from the probate court to the district court, the case shall be tried in the district court, upon the pleadings filed in the probate court. Thus enacts the statute. But, where there are no pleadings in the probate court, and no papers of any kind, it is impossible to see how such a case could be taken to the district court on appeal. No action in the district court, where a judgment can be asked for and rendered, should be tried in the absence of formal pleadings, wherein a distinct issue is tendered.

There would be no safety in rendering judgments, except upon an issue joined, for otherwise there might be several judgments rendered for the same cause of action. The statute does not contemplate an appeal from the summary informal proceedings before the probate court, to establish a demand against an estate, or upon a charge of waste, against an administrator. If an appeal was taken, and the case reached the district court, how could it be tried there? There would be no pleadings, and no papers. The transcript on appeal would simply show the rendition of a judgment. Shall the district court go through the same performance of trying a case without complaint, answer or replication, and permit either party to produce evidence, if he will pay for it, deny-

ing him the process of the court to bring in witnesses, to try an undefined, mysterious issue, which, when tried, leaves no traces behind it, to show what controversy the judgment determined? Such a thing could not have been contemplated by the legislature.

In the case at bar, there were formal pleadings presenting an issue, but they were filed in the case without authority of law, for the statute in a case of this kind directs a summary trial without pleadings.

We, therefore, conclude that in an action against an administrator, charging the commission of waste, the action is not a civil action, but a proceeding in which the probate court can make an order; and that, if it is desired to try the question in the district court, a civil action might be commenced there in the first instance, or after the findings of the probate court, making such findings the basis and foundation of the action.

The judgment of the court below dismissing the appeal from the probate court is affirmed.

*Judgment affirmed.*