No. 10,029.

## ROBERTS v. HUDDLESTON.

DECEDENTS' ESTATES.—*Distribution.*—*Practice.*—When, upon the settlement of an estate, there is money in court for distribution, a petition filed by a claimant thereof, which shows that he is entitled thereto, ought not to be stricken out.

PRACTICE.—*Immaterial Evidence.*—*Harmless Error.*—The admission of evidence which is wholly irrelevant will not be presumed to have influenced the verdict if there was other evidence tending to sustain it, and, unless it is shown to have injured the party objecting, it is a harmless error.

From the Hendricks Circuit Court.

*C. Foley, T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker* and *E. Daniels,* for appellant.

*L. M. Campbell,* for appellee.

BICKNELL, C. C.—These parties were heirs of Hiram Huddleston, Sr., and distributees under his will. The appellee had a claim against the testator's estate large enough to cover all that was left after payment of debts, which was only $227.12. The claim was duly filed, and was opposed by some of the heirs. The appellee then bought out the interests of all the heirs except the appellant. He claimed that she had no interest; that she had received all of her share, so that the entire surplus belonged to him, in his own right and by purchase from said other heirs.

After making said purchase the appellee dismissed his claim against the estate, and filed his petition under section 2409, R. S. 1881, stating the foregoing facts, and praying the court to make an order, pursuant to said section 2409, that said surplus be paid to him. This petition was filed on January 14th, 1882. The executor, on February 4th, 1882, made his final settlement, and was permitted to pay $227.12, the surplus in dispute aforesaid into court, and was discharged.

Martha Huddleston appeared to the petition, and moved to strike it out. This motion was overruled. She then filed the following answer:

Martha J. Roberts, " in answer to the petition of Hiram Huddleston, Jr., against her in relation to the surplus of said estate, denies each and every material allegation against her therein contained."

Upon this issue alone the cause was tried, and after hearing the proof the court made the following order:

" It is now ordered that the costs of this proceeding be first paid out of the money in the hands of the clerk belonging to said estate, and that the residue thereof be paid to the said Hiram Huddleston, Jr."

A motion by said Martha for a new trial was overruled, and she appealed from the order.

The errors assigned are:

1. Overruling the motion to strike out the petition.

2. Overruling the motion for a new trial.

Here was money in court which belonged either to the appellant or the appellee, no other person had a claim to it, the executor had been permitted to pay it into court to be disposed of by the court. It was the duty of the court, under section 2409, *supra*, to make the proper order for the disposition of the money. The court having jurisdiction of the petition, the motion to strike it out could not be sustained except for want of sufficient facts.

There was no longer any claim against the estate; there had been such a claim, but it had been dismissed. The allegations of the petition are, in substance, that the money in court ought to be paid to the appellee and not to the appellant, because the appellee owned the shares of himself and all the other heirs except the appellant, and the appellant had already received her share; if all this was true, then the court was bound to order that the money be paid to the appellee. Section 2409, *supra*, provides that " If, after a distribution, any of the surplus of a decedent's estate shall remain undistributed, it shall be retained in court until, upon proof made, further distribution shall be ordered by the court."

The motion to strike out the petition was, therefore, properly overruled.

The reasons assigned for a new trial are that the court erred in admitting testimony, and that the finding was not sustained by sufficient evidence.

As to the evidence, it is not necessary to consider any question of estoppel or of advancement. The real question presented by the petition and the denial is, had the appellant already received her share? If she had, then the substance of the petition was proved. The former claim of the appellant against the testator's estate had nothing to do with the cause; such claim had been dismissed, and was no longer in existence.

There was evidence as follows:

The testator died in 1880.

Hiram Huddleston, Jr., testified: " In the spring of 1881 Martha Roberts told me, in the presence of her husband and brother Alfred, that she had no interest in the estate, and that she had her share."

Alfred Huddleston testified: " In the spring of 1881 Martha J. Roberts said to Hiram, in my presence, that she had received her share, and had no interest in the estate."

This was certainly evidence tending to show that so much of the petition as alleged that Martha had received her share was true. This was the controverted fact in the case, about which there was a conflict of proof. Martha denied that she had made any such statements; the other matters alleged in the petition were fully proved. If the court had believed the woman, and had found for her, the finding could not have been set aside; so, the court having found for the man, it can not be set aside, because the evidence of the two men, if believed, tends to support the finding upon the controverted fact in the case, and the other matters were all proved. Where the evidence tends to support the finding it can not be disturbed.

As to the admission of illegal evidence, the appellant, in her brief, complains of four alleged errors only.

1. Receiving the testimony of J. M. Wills, as to the services of the appellee in caring for the testator, and as to the value of such services, and as to the filing and dismissal of a claim for such services by the appellee against the testator's estate.

2. Receiving the testimony of said Wills as to a conversation had with the testator, at the time of making his will, as to a land transaction between the appellant and her brother the appellee, in which the testator stated that the appellant had sold her anticipated interest to her brother John for $130 in a tract of land which the testator had formerly owned and had afterwards sold, and that he had made a deed to John's heirs for fifteen acres of the land for their and her interest in his estate.

3. Receiving the testimony of the executor of the will as to the claim of the appellee by him filed against the estate of the testator and afterwards dismissed, and as to the examination by such executor of the merits of said claim.

4. Receiving the testimony of the appellee as to his said claim and as to a contract he made with appellant in the spring of 1875.

It being the duty of the court to determine to which of the claimants the money should be paid, it had a large discretion in hearing all the facts and circumstances showing the true situation of the parties in reference to the matter in controversy, but if we concede that all of said testimony objected to was immaterial and irrelevant, and might properly have been excluded as not even tending to throw light upon the honesty and good faith of either of the parties, but as entirely without the issue joined, then we may say that the admission of immaterial evidence on a point not in issue, and when the finding could not have been influenced thereby, is a harmless error. *Pettis* v. *Johnson*, 56 Ind. 139; *Scotten* v. *State, ex rel.*, 51 Ind. 52.

It is not material on error whether a deposition should have been suppressed or not, if there was evidence to sus-

Roberts *v.* Huddleston.

tain the verdict without it. *Billingsley* v. *State Bank*, 3 Ind. 375. Where immaterial evidence has been admitted, and is not shown to have been injurious to the party objecting, it is a harmless error. *St. Louis, etc., R. W. Co.* v. *Mathias*, 50 Ind. 65; *Sparks* v. *Heritage*, 45 Ind. 66; *Van Vacter* v. *McKillip*, 7 Blackf. 578. In this last case the court said: "The case having been fully tried on the merits, we can not, according to previous decisions of this court, disturb the judgment because testimony upon an immaterial point was not excluded." In the case at bar the appellee says in her brief: "The finding of the court was general, but it is evident from the testimony that the court tried the case and decided it on the merits of the appellee's claim," that is, " claim against the estate," but the finding speaks for itself; it shows conclusively that it was not for any claim against the estate; there was no such claim when the issue was tried; the issue was whether or not the plaintiff was entitled to the money in court. The facts that he once had a large claim against the testator's estate which the executor was ready to allow, and that because of such claim he became desirous to buy out the other heirs, are matters merely introductory, and the cases hereinbefore cited show that where the finding is within the issue, and there is material testimony to sustain it, this court will not presume that the court below regarded immaterial testimony, or decided anything else than the issue it was trying.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Jan. 26, 1884.