Sherwood, Administrator, v. Thomasson.

Filed June 25, 1890.

---

No 14,115.

## SHERWOOD, ADMINISTRATOR, *v.* THOMASSON.

DECEDENTS' ESTATES.—*Widow's Claim.*—*Petition.*—*Presumption as to Chastity.*—A widow in her petition to have the distributive share of the funds in the hands of the administrator set off to her, need not aver that she has not deserted her husband and that she was not living in adultery at the time of his death. Chastity is presumed in the absence of averments and proof to the contrary. In such action, the petition is sufficient if it apprises the administrator of the nature of the claim, and is sufficient to bar another action for the same demand.

SAME.—*Trial by Jury.*—Where an application is made for an order upon an administrator to pay over a sum of money out of a fund which remains in his hands for distribution to one who claims as distributee, no jury is allowable. In such case it is the duty of the court to hear the proof, and after determining who is entitled to the fund to order it paid to the parties proving their titles to their respective shares.

SAME.—*Widow.*—*Witness.*—In a suit by a widow against the administra-

tor of her deceased husband to recover her share of the fund which remains in his hands for distribution, the widow is a competent witness.

From the Tippecanoe Circuit Court.

*A. L. Kumler* and *J. B. Sherwood*, for appellant.

*W. F. Severson* and *H. H. Vinton*, for appellee.

MITCHELL, C. J.—Mary E. Thomasson, as widow of Solomon Romig, deceased, asserted the right to a certain distributive share of the funds in the hands of the administrator of the decedent's estate. In the statement of her claim she alleged that all the debts of the decedent had been paid, and that there remained in the hands of the administrator $10,-000 for distribution. She averred that she was lawfully entitled to receive $500 out of this fund as widow of the decedent, which amount she prayed the court to order the administrator to pay over to her.

It was not necessary for the claimant to show in her petition that she had not deserted her husband, and that she was not living in adultery at the time of his death. In the absence of averment and proof to the contrary, the presumption is in favor of chastity, and that a wife has not abandoned her husband to live in adultery with another.

The complaint or petition is not formally accurate, but it was sufficient to apprise the administrator of the nature of the claim, and to bar another action for the same demand. It shows that the claimant is asserting the right to receive $500 as widow out of the fund or surplus on hand for distribution, after the settlement of the estate of her deceased husband. This is all that was required. *Windell* v. *Hudson*, 102 Ind. 521; *Davis* v. *Huston*, 84 Ind. 272; *Price* v. *Jones*, 105 Ind. 543.

There was no error in sustaining the demurrer to the second paragraph of answer. The petition proceeded upon the assumption that the claimant was entitled to receive $500 out of a fund in the hands of the administrator for distribution, and that she was entitled to the above sum under the

statute as widow.. The facts alleged in the petition might raise an inference that she was entitled to receive more, but for all that appears, all that she was entitled to as widow except the $500 claimed may have been paid. At all events that was all that was claimed. So far, therefore, as the answer assumed to set up a defence to an issue not tendered, or to the extent that it was not responsive to or in avoidance of an issue tendered by the petition, it was very clearly irrelevant.

The learned court, over the objection of the appellant, submitted the cause to a jury generally, as an action at law. This was error.

It is well settled that while an executor or administrator holds possession of a fund in his trust capacity, an action at law can not be maintained against him by a legatee or distributee to recover his share of the fund. 3 Williams Executors, 2046.

Anciently the administrator or ordinary, in right of the king, himself appropriated the residue of an intestate's estate, after payment of the debts, assuming to devote certain portions to pious uses, and to give certain other portions to the widow and children, if there were any. Statutes were afterwards passed which provided in detail for the distribution of the surplus of all estates. Enactments of this character are found in all the States.

It will appear from an examination of the statutes in this State that provision has been made whereby the court may order distribution to be made from time to time among creditors where claims have been allowed, and that after the filing of a final account showing a surplus for distribution, the court may, after hearing the proof, order distribution among the parties applying and proving their titles to their respective shares in such surplus. Elliott's Supp., sections 400, 409. Such a proceeding is regarded as equitable in its nature, the court having the authority to take into account any proper matter of set-off, such as advancements or the like,

which ought to be deducted from the share of a distributee, and no jury trial is contemplated or allowable. Where claims have been filed against an estate, and, after having been disallowed, are transferred to the docket for trial, " The trial of such claim shall be conducted as in ordinary civil cases." Elliott's Supp., section 392. In such a case a jury trial may or may not be allowable, depending upon the nature of the claim. But where an application is made for an order upon an administrator to pay over a sum of money out of a fund which remains in his hands for distribution, to one who claims as a distributee, no jury is allowable.

The present is not a claim against an estate in the ordinary acceptation. *Shaffer* v. *Richardson*, 27 Ind. 122 (129). The claimant's right to a specified sum depends upon her relation to the decedent. When her relation is established her right to participate in the fund to an amount fixed by law is absolute, unless that right has been forfeited by her misconduct, or unless some equitable set-off sufficient to discharge the amount can be established. It is the duty of the court to hear the proof, and after determining who is entitled to the fund to order it paid to the parties proving their titles to their respective shares. *Roberts* v. *Huddleston*, 93 Ind. 173; *Taylor* v. *Wright*, 93 Ind. 121.

The evidence of the claimant was properly admitted. She was a competent witness. *Shaffer* v. *Richardson, supra;* *Hamlyn* v. *Nesbit*, 37 Ind. 284 (293).

Some other questions are discussed relating to the character and sufficiency of the evidence, but as the judgment must be reversed for the error above mentioned, we do not consider them.

The judgment is reversed with costs.

Filed May 1, 1890; petition for a rehearing overruled Sept. 17, 1890.