KNEY *v.* GAHIMER, GUARDIAN.

[No. 14,977.   Filed January 3, 1935.]

*John H. Kiplinger, Jean R. Kiplinger,* and *Chauncey W. Duncan,* for appellant.

*Wilbur F. Pell, Claude R. Henry,* and *William A. Yorling,* for appellee.

CURTIS, J.—This action originated by the appellant filing exceptions to the final report of John Gahimer, Jr., as guardian of Barbara Gahimer. Appellant and appellee were daughter and son respectively of Barbara Gahimer. John Gahimer, Sr., deceased, was the husband of Barbara Gahimer and the father of appellant and appellee.

By the last will and testament of John Gahimer, Sr., he gave real and personal property to Barbara Gahimer during her lifetime, and provided for its disposition at her death to appellant and appellee and their brothers and sisters, and the descendants of those who might be dead. Among other assets was stock in certain Building and Loan Associations of Shelbyville. After the appointment of appellee as guardian, he continued to

hold this stock and the stock dividends thereon and purchased additional stock, and made loans all without an order of court approving same. The appellant charges that the result was an enormous loss to the estate.

The exceptions raise various questions, and particularly the right of appellee as guardian to make the loans and purchase stock without the approval of the court first obtained.

The issues were made on the final report of the guardian, amended objections and exceptions thereto, and the reply to the amended objections. There was a motion by the appellant, supported by an affidavit, for a change of venue from the county, which was overruled by the court with an exception to the appellant. Upon the timely request of the appellant the court made a special finding of facts and stated its conclusions of law thereon. These were in favor of the appellee, and judgment was entered approving the final report to which the appellant objected and excepted; exceptions were taken to each of the conclusions of law.

In the brief of the appellant she properly presents for our determination: First, alleged error as to the conclusions of law; second, alleged error of the court in refusing to grant to the appellant a change of venue from the county; third, alleged error in overruling the appellant's motion for a new trial. The causes in the motion which are relied upon are that each of the findings of fact is not sustained by sufficient evidence and that each is contrary to law. These assignments are sufficient to present all of the questions argued by the appellant in her brief under the heading of Points and Authorities and will be so treated. There is a motion pending, filed by the appellee, to dismiss this appeal based upon the theory that the judgment is not a final judgment. We have

examined the motion and in our opinion it is without merit. Said motion is now overruled.

We will take up first the alleged error of the court in refusing to grant to the appellant a change of venue from the county. The only proposition that need be considered in passing upon this question is whether or not the appellant is entitled under the law to such change, there being no question made as to the form of the motion and affidavit in the instant case. The affidavit set forth one of the statutory grounds, to wit, that an odium attached to the cause of action of the appellant on account of local prejudice and that by reason thereof she could not have a fair and impartial trial in the county.

The record discloses that the guardianship involved in the instant case is a guardianship of an aged and infirm person, to wit, Barbara Gahimer, the mother of the guardian, and that said ward died on the 22nd day of January, 1932, thus necessitating the final report of the guardian which was filed March 15, 1932. The guardianship was begun in the year 1919. It was to this final report that the objections were filed that brought forth this litigation. The statute authorizing a guardianship for an aged and infirm person is found in the Acts of 1911, p. 533, as amended by the Acts of 1919, p. 520, sections 3442 to 3445, inclusive, Burns 1926, §§8-301—8-304, Burns 1933, §§3472—3475, Baldwin's 1934. Among other things the acts provide that whenever any person files a complaint in the proper court to the effect that any named inhabitant of such county is incapable of managing his estate or business affairs, on account of old age, infirmity, improvidence, or being a spendthrift, a notice (not less than ten days) of the filing of such complaint, shall be given such person by a summons directed to the sheriff. In case of no appearance the clerk is directed to deny the facts set

forth in such complaint as to such disability which issue shall be tried as the issues in civil actions are tried by the court or jury. The prosecuting attorney is required to defend and protect the interests of such person. In case a guardian is appointed he shall give bond "and be in all things under like restrictions and act in the same manner and with same powers and duties as in the case of guardians for minors." See section 3443, *supra.* The next section provides for discharge of the guardian when the disability is removed and the next section provides as follows: "The same duties are required of, and the same powers granted, to guardians of any person appointed under this act as are required of and granted to guardians of minors and the insane, so far as the same may be applicable." See section 3445, *supra.* This is the extent of the Act of 1911 as amended by the Act of 1919, *supra.*

It is to be noted that none of the statutes relating respectively to guardianships of infants (sections 3380 to 3423, inclusive, Burns 1926, §§8-101—8-144, Burns 1933, §§3418—3429, Baldwin's 1934) or to guardianships of the insane (sections 3424 to 3441, inclusive, Burns 1926) or to guardianships of the aged and infirm (sections 3442 to 3444, inclusive, *supra*) make any provision for a change of venue from the county. The act of 1929, chapter 6, Acts 1929, page 12, has no application in the instant case, it relating only to changes of venue from the judge.

Section 3385, Burns 1926, §8-106, Burns 1933, §3439, Baldwin's 1934, provides as follows: "Any bond given by any guardian may be put in suit by any person entitled to the estate, and such suit shall be governed by the law regulating suits on the bonds of executors and administrators." We have found no other statute directly connecting the procedure in decedent estate matters with the procedure in guardianships. The Acts

of 1913, (Chapter 139, p. 348), being section 444, Burns 1926, §2-1403, Burns 1933, §3024, Baldwin's 1934, provides for change of venue in decedent estate matters as follows: "In any action, proceeding or matter, of any character or nature whatever, relating to, connected with or involving, the estate of a decedent in any manner whatever, any of the parties thereto shall be entitled to a change of judge or a change of venue from the county for the same reasons, and upon the same terms and conditions, upon which there may be a change of judge or a change of venue from the county in any civil action: Provided, however, That nothing herein contained shall be construed to authorize a change of venue from the county of the administration of the estate of a decedent."

Changes of venue in civil actions are provided for by section 442, Burns 1926, section 2-1401, Burns 1933, section 190, Baldwin's 1934, as follows: "The court in term, or the judge thereof in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes: . . . that an odium attaches to the applicant, or to his cause of action or defense, on account of local prejudice." The court or the judge thereof in vacation must grant a change of venue from the county, upon the timely application, of either party made upon affidavit showing one or more of the statutory causes. See *Wheeler* v. *City of Indianapolis* (1929), 201 Ind. 415, 166 N. E. 433 and cases cited therein. The general change of venue statute last above mentioned covers any "civil action" and makes it mandatory to grant the change when the statute is timely complied with. It has been given a very broad application. The special change of venue statute relating to decedent's estates being section 444 Burns 1926, *supra,* heretofore set out makes very broad

provisions for a change of venue as will be seen from its reading and then limits its application with the proviso that "nothing herein contained shall be construed to authorize a change of venue from the county of the administration of the estate of a decedent."

The exact question for determination in the instant case is whether or not this proceeding is a civil action and if it is, does the right to a change of venue from the county exist by reason of the fact that it is a special statutory proceeding and the right to such change is not expressly provided in the special statutes providing the procedure in such guardianship matters.

The appellee urgently insists that the proceeding in the instant case is not a "civil action" within the meaning of the change of venue statutes and also further urges that no change of venue from the county can be granted because the act providing for the procedure in guardianships of the type under consideration does not expressly so provide. We do not concur in either of these contentions. We adopt the definition of a "civil action" used by the Supreme Court in the case of *Berry* v. *Berry* (1897), 147 Ind. 176, 179, 46 N. E. 470, as follows: Such action " 'is an action wherein an issue is presented for trial, formed by the averments of the complaint, and the denials of the answer, or the replication to new matter, and the trial takes place by the introduction of legal evidence to support the allegations of the pleadings, and a judgment in such an action is conclusive upon the rights of the parties, and could be plead in bar.' " Under the above definition it seems clear that the proceeding in the instant case is a civil action.

In considering the different types of guardianship which we have heretofore mentioned in this opinion, our Supreme Court, in the case of *State, ex rel.* v. *Circuit Court of Madison County* (1923), 193 Ind. 20, 24,

138 N. E. 762, said: "Since the act of 1895 (Acts 1895, p. 205, §3101 Burns 1914), amending §2545 R. S. 1881, proceedings for the appointment of guardians for persons of unsound mind have been treated as civil actions, and, except as otherwise specially provided, the procedure in such cases is governed by our Civil Code. *Shafer* v. *Shafer* (1914), 181 Ind. 244, 104 N. E. 507; *Berry* v. *Berry* (1897), 147 Ind. 176, 46 N. E. 470. The act of 1852, with its amendments (2 R. S. 1852, p. 330, §3100 *et seq.,* Burns 1914), entitled 'An act defining who are persons of unsound mind, and authorizing the appointment of guardians for such persons; defining the powers and duties of such guardians,' and the act of 1911 (Acts 1911, p. 533, §3111a *et seq.,* Burns 1914, as amended by Acts 1919, p. 520, §3111a Burns Supp. 1921), entitled 'An act providing for the appointment of guardians,' have to do with the same general subject. While each of these enactments may be regarded as separate and distinct legislation, yet insofar as we are at present concerned, both are involved and must be treated together. The jurisdiction of the court having probate jurisdiction, under both of these enactments, may be invoked by 'any inhabitant of such county.' The issue in either case 'shall be tried as the issues in civil actions,' and, if the issue be decided in favor of the petitioner, 'such court shall appoint a guardian for such person and his estate,' whose duties are the same as those 'required of and granted to guardians of minors . . ., so far as the same may be applicable . . . Neither of the above enactments expressly give the right to a change of venue, but, on the theory that the issue in either case is to be tried as the issues in civil actions, a change of venue is allowed. *Berry* v. *Berry, supra.*" To the same effect see *Shafer* v. *Shafer* (1914), 181 Ind. 244, 249, 104 N. E. 507 holding that an appeal will lie from a judgment in a pro-

ceeding to set aside a judgment appointing a guardian for a person of unsound mind. The court said: "Appellee has moved to dismiss her appeal, because, as contended, this is not a civil action and the statute does not expressly provide for an appeal by the petitioner. In support of her position, appellee cites *Galbreath* v. *Black* (1883), 89 Ind. 300 which held that such a proceeding was not a civil action within the meaning of our civil code, but on the contrary was a special *ex parte* proceeding. Since then, the statute (§2545 R. S. 1881) was so amended in 1895 (§3101 Burns 1908, Acts 1895, p. 205) as to provide that the 'issue shall be tried as the issues in civil actions are tried.' Subsequently, in *Berry* v. *Berry* (1897), 147 Ind. 176, 46 N. E. 470, this court held that such a proceeding is not *ex parte*, but an adversary one, and is subject to the provisions of the civil code in relation to process and change of venue, and that the code procedure applies in the absence of other provision. The statute here does not forbid an appeal, and we are of the opinion that §628 of our civil code (§671 Burns 1908, §632 R. S. 1881, Acts 1881 p. 352) applies to such proceedings as this, and permits an appeal by the petitioner."

The cases above quoted from are not out of harmony with the case of *Rooker* v. *Fidelity Trust Company* (1931), 202 Ind. 641, 177 N. E. 454 which dealt with a trust estate, nor are they out of harmony with the opinion in the case of *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453, which dealt with an appeal from an interlocutory order appointing a receiver, the court holding there that such a proceeding, being interlocutory was not a "civil action" within the meaning of the change of venue statutes.

We are of the opinion that the proceeding in the instant case is a civil action within the meaning of the

change of venue statutes and that the court erred in refusing to grant a change of venue. Inasmuch as that the court trying the instant case, was without power to try the same after the motion and affidavit for a change of venue from the county had been filed we do not feel called upon to pass in any manner or to express any opinion on the merits of this case.

The judgment is reversed with instruction to sustain appellant's motion for a change of venue from the county.

Judgment reversed.