STATE EX REL. CRAWFORD ET AL. *v.* HOWARD CIRCUIT COURT, SMITH, SPECIAL JUDGE.

[No. 30,160. Filed March 14, 1962.]

*Donald J. Bolinger,* of Kokomo, *Charles Salyer,* of Anderson, and *John S. Grimes,* of Indianapolis, for relators.

*Marshall, Hillis, Hillis & Button,* of Kokomo, *Powers & Powers* and *Morrison & Morrison,* both of Frankfort, for respondents.

LANDIS, J.—This is an original action for writ of mandate and prohibition asking that respondent court and the Hon. William B. Smith, as special judge thereof, be commanded to grant a jury trial upon a petition to determine heirship filed in the estate of Tressie Stuart, deceased.

Relators are certain persons alleging themselves to be the sole heirs of said Tressie Stuart, claiming heirship as the children of an alleged illegitimate daughter of the father of deceased.

The record before us shows that letters of administration were issued on decedent's estate in 1957, and that on February 18, 1960, a petition to determine heirship was filed in the estate by the joint administrators thereof. Thereafter on October 25, 1960, relators filed answer to the petition to determine heirship and also filed a cross-petition to determine heirship. A change of judge was taken, and relators on July 28, 1961, filed motion for a trial by jury, to which the administrators filed objections, and said objections were sustained by the court. Relators have now petitioned this Court to mandate the lower court to grant a trial by jury on the issues presented by the petition to determine heirship.

The Probate Code of 1953, making provision for the determination of heirship in an estate (Burns' §6-606, 1953 Repl.), provides as follows:

"Heirs—Time for determination.—(a) At any time during the administration of a decedent's estate, the personal representative or any interested person may petition the court to determine the heirs of said decedent and their respective interests in the estate or any part thereof. Upon the filing of the petition the court shall fix the time for the hearing thereof, notice of which shall be given to all persons known or believed to claim or have any interest in the estate or any part thereof as heir or through an heir of the decedent. In addition, notice by publication shall be given to all unknown heirs of the decedent.

"(b) Upon the hearing of the petition, heirship may be determined by competent evidence or, if there be no objection, by affidavit. A record shall be made of all oral evidence, and such record and all affidavits shall remain as part of the files in the estate proceeding.

"(c) Upon satisfactory proof the court shall make a decree determining the heirs of the decedent and their respective interests in the estate or any part thereof.

"(d) The decree of court as provided in (c) hereof shall be conclusive of the facts determined therein on any interested person who has been notified personally or by mail in accordance with the provisions of this Code, subject to the right of appeal.

"(e) All acts of the personal representative which were lawful when performed according to the facts determined by the decree as provided in (c) hereof, shall be valid insofar as concerns the rights and liability of a purchaser, lessee or other person dealing with the personal representative for value and in good faith and insofar as concerns a personal representative who has acted in good faith." Acts 1953, ch. 112, §606, pp. 295, 320.

The comments of the Probate Code Study Commission concerning this section are:

"This section is new to Indiana. It authorizes the determination of heirship at any time during administration. Many situations may arise where it will be advantageous to the estate to know definitely who the heirs are before waiting until time for distribution. It is believed that this section will prove very helpful in cases where there are numerous heirs and heirship is in dispute. The provisions of this section are self-explanatory."

The former law (Burns' §6-1502), repealed by the Probate Code of 1953 provided:

"Proof of heirship or right to distributive share. —When a final settlement account shall have been filed, and notice given to the heirs, devisees, and legatees to prove their claims to the surplus, as hereinbefore provided, they shall appear before the court, in person or by attorney, and, in the case of infants and persons of unsound mind, by their guardians, and make proof of their heirship or other title to such surplus." Acts 1881 (Spec. Sess.), ch. 45, §180, p. 423, 468; 1883, ch. 121, §28, p. 151, 162.

We have not been cited any authorities of this or other jurisdictions determining the question of whether a jury trial is authorized or proper under a statute such as Burns' §6-606 (1953 Repl.), *supra*.

However, under the former law above cited, this Court in the case of *Sherwood, Administrator* v. *Thomasson* (1890), 124 Ind. 541, 24 N. E. 334, was confronted with an application by a claimant for a widow's allowance of $500.00 from the funds in the hands of the administrator. The lower court over the objection of appellant submitted the cause to a jury for trial, which this Court held on appeal was error, reversing the judgment. It was stated in such opinion (p. 543 of 124 Ind., and p. 335 of 24 N. E.):

"Anciently the administrator or ordinary, in right of the king, himself appropriated the residue of an intestate's estate, after payment of the debts, assuming to devote certain portions to pious uses, and to give certain other portions to the widow and children, if there were any. Statutes were afterwards passed which provided in detail for the distribution of the surplus of all estates. Enactments of this character are found in all the States.

"It will appear from an examination of the statutes in this State that provision has been made whereby the court may order distribution to be made from time to time among creditors where claims have been allowed, and that after the filing of a final account showing a surplus for distribution, the court may, after hearing the proof, order distribution among the parties applying and proving their titles to their respective shares in such surplus. Elliott's Supp., sections 400, 409. Such a proceeding is regarded as equitable in its nature, the court having the authority to take into account any proper matter of set-off, such as advancements or the like, which ought to be deducted from the share of a distributee, and no jury trial is contemplated or allowable. Where claims have been filed against an estate, and, after having been disallowed, are transferred to the docket for trial, 'The trial of such claim shall be conducted as in ordinary civil cases.' Elliott's Supp., section 392. In such a case a jury trial may or may not be allowable, depending upon the nature of the claim. But where an application is made for an order upon an administrator to pay over a sum of money out of a fund which remains in his hands for distribution, to one who claims as a distributee, no jury is allowable.

"The present is not a claim against an estate in the ordinary acceptation. *Shaffer* v. *Richardson*, 27 Ind. 122 (129). The claimant's right to a specified sum depends upon her relation to the decedent. When her relation is established her right to participate in the fund to an amount fixed by law is absolute, unless that right has been forfeited by her misconduct, or unless some

equitable set-off sufficient to discharge the amount can be established. It is the duty of the court to hear the proof, and after determining who is entitled to the fund to order it paid to the parties proving their titles to their respective shares. *Roberts* v. *Huddleston*, 93 Ind. 173; *Taylor* v. *Wright*, 93 Ind. 121."

In our judgment Burns' §6-606 (1953 Repl.), *supra*, did not change the nature of the proceeding to determine heirship recognized under our law prior to the enactment of such section in 1953. As was stated in the case of *Miller* v. *Bode, Admr.* (1923), 80 Ind. App. 338, 334, 139 N. E. 456, 458 (decided prior to the enactment of said section), the proper procedure to prove heirship or the right to a share in the surplus of an estate for distribution is to file a petition averring therein the petitioner's relation to the decedent and all other facts necessary to establish his right to participate in the fund for distribution. The new act did, however, provide the petition could be filed at any time during administration and contained provisions as to notice, hearing and decree.

It may be noted that there is no provision in the Probate Code of 1953 to the effect that proceedings in decedents' estates shall be governed by the rules pertaining to civil actions generally. Had the legislature intended to change the law in this respect it could have made provision therefor.[1]

---

1. See: Model Probate Code Comments (§10), (annotated under Burns' §6-107, 1953 Repl.), wherein it is stated:

"In some states it is provided by statute that where there is no other applicable statute or rule, the rules of civil procedure may be applied. . . . Such legislation is not recommended. Much of the proceedings in matters of probate is administrative in character and not adversary. It is believed, therefore, that rules of civil procedure designed primarily for adversary proceedings should not be applied."

It is our conclusion that the proceedings to determine heirship being equitable in nature as held by previous authority of this Court, a jury trial in such proceedings is not allowable or proper, and it follows the writ of mandate and prohibition sought in this action by relators must be denied.

Petition for writ of mandate and prohibition denied.

Achor, C. J., and Arterburn, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 181 N. E. 2d 18.