DECKER *v.* REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 19,731. Filed January 2, 1963.]

*John L. Hoffer, F. Richard Kramer* and *Schindler, VanTilbury & Kramer*, all of Mishawaka, for appellant.

*John E. Logue*, of Warsaw, for appellee, Champion Door Corporation.

*Edwin K. Steers*, Attorney General, and *Keith Campbell*, Deputy Attorney General, for appellee, Review Board of Employment Security Division.

COOPER, C. J.—This matter is now before us for a judicial review of a majority decision of the Employment Security Division of Indiana.

It appears that the appellant herein was discharged by his employer, the appellee herein, for misconduct

in connection with his work under §52-1539, Burns' 1951 Repl., 1959 Supp.

The assigned error is, "The decision of the Review Board is contrary to law."

The record reveals that after the proper procedures were followed below, the Review Board, by a majority of its members, entered what is designated as findings and conclusions, reading as follows:

"The referee's decision was correct on the basis of the evidence then before him. The additional evidence throws a different light on the matter. It presents a mass of conflicting evidentiary details for the Board to weigh and evaluate. And the Board having done so, now finds that the claimant, by a course of oblique passivity, avoided a showdown with his employer as to when he should return to work, until after he had returned from his self-assumed vacation in Arizona and was ready to go back to work. The insurance adjuster's letter of August 31, 1960, would have served as ample warning to any ordinarily prudent person to immediately make due inquiry as to his situation with respect to both his job and his workmen's compensation. It is hardly conceivable that any employee with a bona fide disability would forego his compensation without a question. Instead, this claimant stood silently by, waived his compensation, and took no steps to safeguard his job by securing a definite, extended leave of absence or by returning to work. The claimant absented himself from his work for almost a full month, with a two weeks' jaunt to Arizona in the interim, without his having made any effort to clarify his situation and to furnish medical certification that he actually was not able to resume his work. Upon the basis of all the attendant circumstances of this particular case, the claimant's *cours* constituted industrial misconduct, within the meaning of the Act, for which he was discharged on September 27, 1961. The invocation of said Section 1501 of the Act, which has two aspects, (1) the voluntary leaving of his work by the claimant, or (2) his discharge

from his work for his misconduct in connection therewith, is a question of ultimate fact to be determined from all the evidentiary circumstances in the case of each individual claimant. See *National Furniture Co.* v. *Review Board* (1960), ——Ind. App.——, 170 N. E. 2d 381.

"All of which foregoing is so found, held and determined."

In reviewing the Employment Security Act we find the Act contemplates and makes it the mandatory duty of the Review Board to make a finding of ultimate fact and render their decision upon said facts and the law applicable thereto. §52-1542(k), Burns' 1951 Repl.; *Dormeyer Industries* v. *Review Board, etc.* (1962), 133 Ind. App. 500, 183 N. E. 2d 351.

In reviewing the Board's findings of fact, we are compelled to concede that the utlimate facts are not enumerated or set forth in a definite, clear and concise manner, and, in our opinion, the findings consist mostly of arguments, speculations and conjecture; however, we are compelled to point out the one finding of utlimate fact which we believe is sufficient: "Upon the basis of all the attendant circumstances of this particular case, the claimant's *cours* constituted industrial misconduct, within the meaning of the Act, for which he was discharged on September 27, 1961."

This finding of ultimate fact is, in our opinion, sufficient if it is supported by evidence of probative value.

We do not believe it necessary to set forth the evidence contained in the record which would only lengthen this opinion, but believe it sufficient to state that in reviewing the evidence we find that the majority opinion of the Review Board

is supported by substantial evidence of probative value and it does not appear that reasonable men would be bound to reach a different conclusion on the evidence in the record. Under such circumstances we are bound by the factual finding of the Review Board, §52-1542 (k), Burns' *supra*; also, we will not weigh the evidence and will consider only the evidence most favorable to the decision of the Board. See, *National Furn. Mfg. Co.* v. *Review Board, etc.* (1960), 131 Ind. App. 260, 170 N. E. 2d 381.

The decision of the Review Board is affirmed.

Ax, J., Myers, J., Ryan, J. concur.

NOTE.—Reported in 186 N. E. 2d 890.