STATE EX REL. BROSMAN ET AL. *v.* WHITLEY CIRCUIT COURT.

[No. 30,247. Filed January 7, 1963. Rehearing denied April 28, 1964.]

*James F. Dumas, Kennerk, Dumas & Burke,* of Fort Wayne, and *John H. Daily* of Indianapolis, for relators.

*Lowell L. Pefley, pro se.*

*John H. Whiteleather, Benton E. Gates* and *Gates & Gates,* all of Columbia City, for respondents.

LANDIS, C. J.—This is an original action in this Court for a writ of mandate directing respondent court to grant a change of venue from the county in a certain will contest action brought by relator and others in respondent court. We issued the alternative writ. The Court's previous opinion herein which has been vacated by the granting of a rehearing herein appears in 186 N. E. 2d 881.

From the petition before us it appears that the will contest action was filed on November 16, 1961, and summons was served on the defendants on November 25 and November 27, 1961, to appear on December 11, 1961. On November 28, 1961, a general appearance was entered for the defendants by counsel. No further pleadings were filed nor were further entries made in the cause until April 11, 1962, when relators filed affidavit for change of venue from the county. The change of venue was denied and relators' petition for writ of mandate in this Court followed. Relators contend respondent court should have granted a change of venue under Rule 1-12B providing:

"In any action except criminal no change of judge or change of venue from the county shall

be granted except within the time herein provided. Any such application for change of judge or change of venue shall be filed not later than ten (10) days after the issues are first closed on the merits, or if the issues are closed without answer by operation of law, or where a cause is remanded for a new trial by the Appellate or Supreme Court, not later than ten (10) days after the party has knowledge the cause is ready to be set for trial. . . . "

Respondents have filed return to the writ contending that will contests are not governed by the rules pertaining to civil procedure generally, and that the issues were closed by operation of law without the necessity of defendants filing any pleading.

The statutes pertaining to will contests provide as follows:

"Any interested person may contest the validity of any will or resist the probate thereof, at any time within six [6] months after the same has been offered for probate, by filing in the court having jurisdiction of the probate of the decedent's will his allegations in writing verified by affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress, or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto." Burns' §7-117 (1953 Repl.)[1]

"When an action is brought to contest the validity of any will as provided in this code, summons shall be served upon the defendants in the manner following:

"(1) If the defendant is a resident of the state of Indiana summons shall be served on him by the sheriff as provided in section 112(a) [§6-112(a)].

"(2) If the defendant is a nonresident of the state of Indiana notice shall be served on him as

---

1. Acts 1953, ch. 112, §717, p. 295.

provided in section 112(b) [§6-112(b)]." Burns'
§7-118, (1953 Repl.)[2]

"At the time of filing his verified complaint,
as provided by section 717 [§7-117], the plaintiff
in said action, or some other person in his behalf,
shall file a bond, with sufficient sureties, in such
amount as shall be approved by the clerk of the
court, conditioned for the due prosecution of such
proceedings and for the payment of all costs
therein in case judgment be rendered against
him." Burns' §7-119 (1953 Repl.)[3]

"In any suit to resist the probate, or to test
the validity of any will after probate, as provided
in section 717 [§7-117] of this code, the burden of
proof shall be upon the contestor." Burns' §7-120
(1953 Repl.)[4]

"If such determination be against the validity
of such will or the competency of the proof, the
court shall refuse or revoke the probate thereof;
but if it be in favor of the validity and due ex-
ecution of such will, probate thereof shall be ad-
mitted or ratified." Burns' §7-121 (1953 Repl.)[5]

It will be noted that there is no provision for the
filing of pleadings in will contest actions other than
" . . . allegations in writing [of the contestor] verified
by affidavit. . . . " There is no specific provision for
the filing of an answer nor is there provision to the
effect that actions to contest wills are governed by
the rules of procedure in civil actions.

Actions to contest wills are purely statutory pro-
ceedings, *Blanchard* v. *Wilbur* (1899), 153 Ind. 387, 392,
55 N. E. 99, 101; *The Evansville, etc., Co. et al.*
v. *Winsor, by Next Friend* (1897), 148 Ind. 682,
686, 48 N. E. 592, 593, and we are therefore

2. Acts 1953, ch. 112, §718, p. 295.

3. Acts 1953, ch. 112, §719, p. 295.

4. Acts 1953, ch. 112, §720, p. 295.

5. Acts 1953, ch. 112, §721, p. 295.

governed by the apparent intent of the legislature to indicate that while formal pleadings may be permitted in will contests, as in ordinary civil actions, such formality in the formation of issues is not necessary. See: *Bartlett et al.* v. *Manor et al.* (1897), 146 Ind. 621, 45 N. E. 1060; *The Evansville, etc., Co., et al.* v. *Winsor, by Next Friend* (1897), *supra*, 148 Ind. 682, 690, 48 N. E. 592, 595; *State* v. *Marion Juvenile Court* (1962), 243 Ind. 209, 212, 184 N. E. 2d 20, 21.

We believe the situation here presented is somewhat comparable to numerous proceedings concerning decedent's estates, as for example, petitions to determine heirship. In *State ex rel. Crawford, et al.* v. *Howard Circuit Court* (1962), 242 Ind. 593, 598, 181 N. E. 2d 18, 20, 21, we recently stated:

> "It may be noted that there is no provision in the Probate Code of 1953 to the effect that proceedings in decedents' estates shall be governed by the rules pertaining to civil actions generally. Had the legislature intended to change the law in this respect it could have made provision therefor.[1]"
>
> "[Footnote] 1. See Model Probate Code Comments (§10), (annotated under Burns' §6-107, 1953 Repl.), wherein it is stated:
>
> " 'In some states it is provided by statute that where there is no other applicable statute or rule, the rules of civil procedure may be applied. . . . Such legislation is not recommended. Much of the proceedings in matters of probate is administrative in character and not adversary. It is believed, therefore, that rules of civil procedure designed primarily for adversary proceedings should not be applied.' "

It is true in the case before us relators have alleged that at the time of the filing of the motion for change of venue there was no entry in the court's order book setting the cause for trial. However, it should be

noted that Rule 1-12B, *supra,* does not give a party ten days after the setting of the cause for trial within which to file his change of venue petition. It provides the " . . . application . . . shall be filed . . . if the issues are closed without answer by operation of law, . . . not later than ten (10) days *after the party has knowledge the cause is ready to be set for trial. . . .* " (Italics supplied.)

The record in the case before us discloses that no formal pleadings were filed in the will contest action below except for the contestors' written allegations or complaint although it had been pending for a period of four months. We are compelled to come to the conclusion that there has been no affirmative showing by relators in this case that the issues in the instant will contest action were not closed by operation of law nor that relators did not have knowledge the cause was ready to be set for trial. Yet such showing must be made if relators' action for writ of mandate in this Court is to prevail.

It is well settled that the burden of proof in actions of mandate is on the party having the affirmative of the issue and that this rule applies to original actions for mandate in this Court. *State ex rel. Rooney et al.* v. *Lake C. C., etc.* (1957), 236 Ind. 345, 346, 140 N. E. 2d 217, 218; *State ex rel. Wall* v. *Cass C. C. etc.* (1954), 233 Ind. 192, 194, 117 N. E. 2d 126, 127; West's I. L. E., "Mandate and Prohibition," §123.

The alternative writ of mandate heretofore issued is dissolved and the permanent writ denied.

Arterburn and Achor, JJ., concur. Myers, J., not participating. Jackson, J., dissents with opinion.

## DISSENTING OPINION

JACKSON, J.—The majority opinion as now written is, in my opinion, erroneous, and I dissent thereto.

This is an original action for a writ of mandate directing the respondent court to grant a change of venue from the county in the case of Mary Jane Bigler, et al. v. The Farmers Loan and Trust Company, Exr. etc., being cause No. 17458 on the dockets of respondent court. We issued an alternative writ on April 26, 1962.

From the petition before us it appears that the will contest action was filed on November 16, 1961, summons was served on the defendants on November 25th and November 27, 1961, to appear on December 11, 1961. On November 28, 1961, a general appearance was entered for the defendants by counsel. No further pleadings were filed nor were further entries made in the cause until April 11, 1962, when relator filed affidavit for change of venue from the county. The change of venue was denied and relator's petition for writ of mandate in this court followed. Relator contends respondent court should have granted a change of venue under Rule I-12B.[1]

Respondent filed return to the writ contending that will contests are not governed by the rules pertaining to civil procedure generally, and that the issues were closed by operation of law without the necessity of defendants filing any pleadings.

---

1. "In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for change of judge or change of venue shall be filed not later than ten (10) days after the issues are first closed on the merits, or if the issues are closed without answer by operation of law, . . . not later than ten (10) days after the party has knowledge the cause is ready to be set for trial."

One of the determinates in this action is whether or not an action to contest a will is a "civil action" within the meaning of Acts 1881 (Spec. Sess.), ch. 38, §1, p. 240; 1911, ch. 157, §1, p. 415, being §2-101, Burns' 1946 Replacement, which reads as follows:

"There shall be no distinction in pleading and practice between actions at law and suits in equity; and there shall be but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a 'civil action.' All courts which are vested with jurisdiction both in law and equity may, to the full extent of their respective jurisdictions, administer legal and equitable remedies, in favor of either party, in one and the same suit, so that the legal and equitable rights of the parties may be enforced and protected in one [1] action."

The courts in Indiana have defined a "civil action" by quoting with approval a decision of the Supreme Court of Montana, which says:

"What is a civil action? It is an action wherein an issue is presented for trial, formed by the averments of the complaint, and the denials of the answer, or the replication to new matter, and the trial takes place by the introduction of legal evidence to support the allegations of the pleadings and a judgment in such an action is conclusive upon the rights of the parties, and could be plead in bar." *Evans* v. *Evans* (1886), 105 Ind. 204, 210, 5 N. E. 24, quoting from *Deer Lodge Co.* v. *Kohrs* (1874), 2 Mont. 66; *Indiana State Board etc.* v. *Davis* (1918), 69 Ind. App. 109, 120, 121 N. E. 142; *Kney* v. *Gahimer, Gdn.* (1935), 99 Ind. App. 510, 516, 193 N. E. 394; *State ex rel. Bradshaw* v. *Probate Ct.* (1947), 225 Ind. 268, 73 N. E. 2d 769.

It has long been held that a proceeding to revoke and set aside the probate of a will is a civil action. Lowes' Rev., Works' Ind. Pract., Vol. 1, §1.1, 1.2, 1.3;

*Goodbud* v. *The Estate of Hornung* (1891), 127 Ind. 181, 185, 26 N. E. 770; *Evans* v. *Evans* (1886), 105 Ind. 204, 5 N. E. 24; *Fort* v. *White* (1913), 54 Ind. App. 210, 220, 101 N. E. 27; *McConahey's Estate* v. *Foster* (1899), 21 Ind. App. 416, 419, 52 N. E. 619.

Thus, there can be no doubt that a will contest is a civil action within the meaning of Acts 1911, ch. 157, §1, p. 415, being §2-101, Burns' 1946 Replacement.

The fact that a procedure is statutory is relatively unimportant. If such statutory proceeding provides its own procedure it must be followed. Where it is only partly provided, the civil code of procedure steps· in and provides the rest. The fact that the provision for contest of a will does not say that it shall be governed by the civil code is not important, as all cases and authorities say it will.

> "Not infrequently the opinions make the remark or comment or in effect rule, that on the question whether or not Code procedure is applicable, it does not matter whether the proceeding be regarded as a civil action or as a special proceeding." Lowes' Rev., Works' Ind. Pract., Vol. 1, §1.4, p. 13; *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 271, 98 N. E. 177; *Robertson* v. *State ex rel. Smith* (1887), 109 Ind. 79, 87, 10 N. E. 582; *In re Griffin* (1904), 33 Ind. App. 153, 154, 69 N. E. 192.

> "Where no mode of procedure is especially provided in probate matters it has been said that the rules of procedure in civil cases may be followed. Thus, the decedents' act does not provide a complete Code of procedure, and hence the rules of pleading and practice provided for civil actions are applied. . . . " Lowes' Rev., Works' Ind. Pract., Vol. 1, §1.4, p. 14; *Goodbud* v. *The Estate of Hornung* (1891), 127 Ind. 181, 185, 26 N. E. 770; *Scherer* v. *Ingerman, Administrator* (1887), 110 Ind. 428, 441, 11 N. E. 8, 12 N. E. 304; *McConahey's Estate* v. *Foster* (1899), 21 Ind. App. 416, 419, 420, 52 N. E. 619.

"In actions to contest the validity of wills or resist their probate, the rules governing the trial of civil actions under the code are applicable, and pleadings, demurrers, motions, answers, pleas in abatement, statute of limitations, estoppel, etc., are sanctioned in such actions by the reported cases." Henry's Probate Law and Pract. [6th Ed.], Vol. 1, p. 247, and cases cited therein.

Issues must be formed in all civil cases. This means complaint and answer. The case is not at issue until an answer or demurrer is filed.

The question of the time for filing a change of venue in a will contest is after the answer has been filed.

The temporary writ heretofore issued should be made permanent.

I further dissent to the granting of the petition for rehearing in this cause for the reason that at the time the former majority opinion (see 186 N. E. 2d 881 for opinion and concurring opinion) was written, the same had been written, voted on and approved prior to 9:30 a. m., January 7, 1963, the time it was handed down to the clerk's office. The delivery of the opinion to the clerk's office at that time had no more effect than if it had been delivered there at 4:00 or 4:30 p. m. on Friday, January 4, 1963. If so called late or delayed handing down of a case is the criteria by which the validity of the opinion is to be determined, then several recent decisions of the Appellate Court are suspect. *Decker* v. *Rev. Board of Ind. Employ. Sec. Div.* (1963), 124 Ind. App. 164, 186 N. E. 2d 890; *Elberson* v. *Tokheim Corp.* (1963), 135 Ind. App. 688, 186 N. E. 2d 894.

NOTE.—Reported in 198 N. E. 2d 3.