## McReynolds *v.* The State, ex rel. Freeman.

Record.—*Bastardy.*—*Plea.*—Where, in a bastardy proceeding, there has been a trial by jury, and the defendant has had all the benefit of a denial of the charge, he cannot, on appeal to the Supreme Court, object to the judgment against him because the transcript of the record shows no formal plea filed by him, and none entered of record in his behalf.

Same.—*Nunc Pro Tunc Entry.*—*Notice.*—Where, upon the hearing of a motion of a party to correct the record of an action by a *nunc pro tunc* entry, it is proved that the adverse party has had notice of the motion, and this is shown by the transcript of the record on appeal to the Supreme Court, it is not necessary that the notice itself and the service thereon should be incorporated in the record.

From the Posey Circuit Court.

*L. R. Williams* and *H. C. Pitcher,* for appellant.

*E. M. Spencer* and *W. Loudon,* for appellee.

Biddle, J. — Prosecution by Lake Erie Belle Freeman against Samuel D. McReynolds, for bastardy. Trial by jury, and a verdict of guilty. Motion for a new trial overruled, judgment, exception, order of filiation, appeal.

The transcript, as originally filed in this court, did not contain the complaint, as filed before the justice of the peace, but it shows that such complaint had been filed, and also contains the examination, in writing, of the complainant. It also shows a verdict, defective in form. A *certiorari* from this court has brought up a complete transcript, which contains the original complaint and the verdict in full form. Both are sufficient. But it is still insisted by the appellant that, as the transcript shows no formal plea filed by him

below, and none entered of record on his behalf, the judgment is erroneous. We think otherwise. The statute does not, in terms, require a written or formal plea, or answer. It enacts, that, "if the defendant, in the circuit court, deny the charge, the issue shall be tried by the court or a jury." Sec. 13, 2 G. & H. 628. There having been a jury trial, we must presume that the appellant denied the charge. At least, he has had all the benefit of such a denial. *Wolf* v. *The State*, 11 Ind. 231; *Taylor* v. *Short*, 40 Ind. 506.

It is also urged by the appellant, that "the supplemental transcript fails to show that the appellant had any notice of the motion to amend the record, and it does not appear from the said transcript that there were any memoranda of the judge or clerk, or anything in the papers, by which to amend, or that there was any proof that the verdict was erroneously entered by the clerk; and therefore, that the *nunc pro tunc* entry is a nullity, because the notice and return of service are not incorporated into the record."

But the record does show that the appellant had notice of the motion, and that such notice was proved at the hearing. When such proof is made, in cases of this kind, it is not necessary that the notice itself and the service upon it should be incorporated into the record.

The exception in section 559, 2 G. & H. 273, applies only to the original summons in the case, leaving the practice with regard to general notices, collateral to a suit, as it stood before the enactment of the code, when it was not necessary to make a notice of this kind and service upon it a part of the record, if the record showed that proof of notice and service had been made. It is also shown that the jury returned the verdict in full, as it now appears in the record. These were memoranda by which the record could be corrected. Besides, such an argument would have been more useful in the court below, in answer to the motion, than in this court against the transcript, which we must hold, as it is officially certified, to be "full, true and complete."

The judgment is affirmed, with costs.