## DAVIDSON v. THE STATE, EX REL. VANMETER.

**BILL OF EXCEPTIONS.**—*Extension of Time of Filing.*—Where time has been given within which to file a bill of exceptions, the court can not grant an extension thereof:—particularly so where no necessity for exten- sion is shown, and the court has had ample opportunity, within the time originally given, to sign the bill.

Davidson *v.* The State, *ex rel.* Vanmeter.

BASTARDY.—*Constructive Process.— Practice.*— Section 391 of the civil code, 2 R. S. 1876, p. 192, providing that "A defendant constructively summoned shall be allowed, at any time before judgment, to appear and defend the action," etc., does not apply to prosecutions for bastardy, and can not be resorted to in them.

SAME.—*Avoiding Process.—Setting Aside Default.—Notice by Publication.*— When the defendant in a bastardy proceeding absconds from the State, or conceals himself within it, to avoid process, until after trial and finding, and the court delays final judgment, such defendant may, on being arrested before judgment, be required to show cause for the setting aside of a default against him rendered upon proof of publication. But this rule does not deny him the making of a defence, if he shows that he has a meritorious one.

SAME.—*Affidavits for Publication. — Warrant from Circuit Court.*—In such case an affidavit for publication, showing a cause of action and the non-residence of the defendant, is, under the statute, 2 R. S. 1876, p. 49, sec. 38, sufficient. It is not necessary that a warrant from the circuit court should precede the notice by publication.

From the Fulton Circuit Court.

*E. Sturgeon, D. Turpie* and *H. D. Pierce,* for appellant.

*J. S. Slick,* for appellee.

PERKINS, J.—Prosecution for bastardy. Conviction of the appellant. Judgment against him for four hundred dollars, on the 24th day of February, being the 18th day of the February term, 1877. Motions for a new trial, and in arrest of judgment, were overruled on that day, and sixty days given to file a bill of exceptions. The sixty days would expire on the 25th day of April, 1877.

On the second day of the April term of said court, being the 24th day of April, 1877, the appellant filed his petition for an extension of time till the 10th day of May, in which to file his bill, stating therein that his bill was prepared and presented to the judge (the judge then on the bench before whom he was making his motion) for signature, " who, on account of sickness, did not then, and and has not yet, signed the same."

The court granted the extension of time, to which action of the court the plaintiff objected and excepted. The bill of exceptions was short, containing less than eight

pages, containing no evidence, but only the motions for a new trial and in arrest, and could have been read and signed at the time the motion for extension of time was made, in less time and with less labor than were required for hearing and disposing of that motion; and, had the court done so, the signature to the bill would have been within the time originally given for its preparation, signature and filing, but it did not. Even had it been in the power of the court, therefore, to grant an extension of time, for the preparation, etc., of the bill, in case of necessity, no case of necessity is here shown, but, on the contrary, it is shown that the court had ample opportunity, within the time originally given, to sign the bill. See *Robinson* v. *Johnson*, 61 Ind. 535.

The bill of exceptions is not a part of the record. This being so, there may be no question before us for decision. But we proceed to examine the journal entries in the cause to ascertain the fact.

The proceeding was commenced before a justice of the peace, on a cause of action verified by oath, on the 28th day of April, 1876. A warrant was issued for the appellant, Davidson, and was duly returned by the constable, " not found in my county."

The cause was heard by the justice, who found that Samuel C. Davidson was the father of the child with which the complainant was pregnant, and certified the cause to the circuit court of Fulton county. The certificate of the justice was dated May 23d, 1876.

On the 6th day of June following, on affidavit filed by E. Calkins, one of the attorneys of plaintiff, that the defendant was a non-resident of the State, notice of the pendency of the suit was duly published.

At the succeeding September term the cause was continued.

At the November term, viz., on the 4th day of Decem-

ber, 1876, on proof of publication, a default was taken against the defendant.

On the 6th day of December, the cause was submitted to the court, the evidence heard, and the cause taken under advisement till the 13th day of said month, when there was a finding against the defendant, that he was the father of the child, and the cause was continued, without fixing the amount to be paid for the support of the child.

On the 29th day of January, 1877, a warrant was issued from the circuit court for the arrest of the defendant.

On the 30th day of January, 1877, he was arrested and gave bail for his appearance at the next term of the Fulton Circuit Court.

At the next, the February, term, 1877, of said court, the defendant (appellant here) moved to set aside the entry of his default. The motion was overruled. A motion for a new trial followed, which was also overruled. A motion in arrest of judgment was then made, and overruled. Final judgment was entered.

It is assigned for error that the court overruled the three motions above stated.

The motion to set aside the default was, in effect, a motion to set aside the finding on the hearing already had.

Counsel for appellant in their brief say :

" The questions raised by the errors assigned, and we think they are raised by either and all of the three errors assigned, are ;

" 1st. Had the defendant such notice of the suit as will justify the rendition of a judgment against him in the cause ?

" 2d. If he had such notice, does he not show sufficient excuse to set aside the default upon which the judgment was rendered ?

" 3d. Was he not entitled, as a matter of course, to have the default set aside, with or without an excuse, under

the statutory provisions in relation to the relief of defendants constructively summoned ?"

There being no bill of exceptions, we can not answer the second question above propounded.

We proceed to consider the third. The code provides, 2 R. S. 1876, p. 192, sec. 391, that "A defendant constructively summoned shall be allowed, at any time before judgment, to appear and defend the action; and upon a substantial defence being disclosed, time may be given on reasonable terms, to prepare for trial."

The above statutory provision is in the code of civil practice, and may be resorted to in cases coming within or under that code. But prosecutions for bastardy are specially provided for, and the proceedings in them minutely regulated in the bastardy act, 2 R. S. 1876, p. 654, and we do not think the section of the code above copied applies to or can be resorted to in them.

Public policy and justice require that bastardy cases should be brought to a determination with reasonable dispatch. The child should receive support from its father, from birth; and, when the defendant, as may have been the fact in this case, absconds from the State, or conceals himself within it, to avoid process, for nine or ten months, and the court delays final judgment, there is certainly no hardship in requiring him to show cause for the setting aside of a default against him. This rule of practice does not deny him the making of a defence, if he shows that he has a meritorious one.

It is true that section 6 of the bastardy act enacts, that "The trial and continuance thereof of such prosecution both before the justice and in the circuit court, shall in all respects not herein otherwise provided for, be governed by the law regulating civil suits."

But the bastardy act, as we have said, regulates with minuteness the proceedings in bastardy cases, and section

6, above quoted, is not general, that the proceedings in bastardy cases shall be as in civil cases, etc., but limited, saying only that the trial and continuance, "not herein otherwise provided for," shall " be governed," etc. Setting aside a default is a part of the proceedings in a cause, but not "the trial and continuance" of it.

As to the first question, the affidavits for publication were sufficient. The statute enacts, that, "Where it appears, by affidavit filed, that a cause of action exists against any defendant," and that the defendant is a non-resident of the State, notice of the pendency of the action may be published, etc. 2 R. S. 1876, pp. 49, 50, sec. 38.

The affidavit of Vanmeter showed the existence of the cause of action, and that of Calkins the non-residence.

It was not necessary that a warrant from the circuit court should precede the notice by publication. *Hunter* v. *The State*, 6 Blackf. 383.

In the absence of the bill of exceptions showing the proceedings, in the cause more fully, we can not say that there is any error in the record

The judgment is affirmed, with costs.