## DEACON v. RASCH.

[No. 5,982.   Filed April 24, 1907.]

1. TRIAL.—*Motion for Continuance.—Absence of Party.*—A motion for a continuance on account of the absence of the defendant should be sustained, where it is properly shown that she was sick and unable to be present; that her presence was necessary for the conduct of the case in advising with counsel and in giving testimony not obtainable from others; that her deposition could not, on account of her mental condition, be taken at the time, but that it could probably be taken within a month, and that her senior counsel, who had prepared her defense, was sick and unable to attend at the trial.   p. 78.

2. SAME.—*Continuance.—Statutes.*—Section 413 Burns 1901, §410 R. S. 1881, providing for a continuance on account of absent evidence as shown by affidavit, unless the adverse party shall admit that such absent documentary evidence is true and that such absent witnesses will testify to the facts set out, is not strictly applicable to a motion made by the sole defendant for a continuance because of her sickness and her consequent inability to be present and to testify.   p. 80.

3. SAME.—*Continuance.—Discretion.—Review.—Appeal.*—The ruling of the trial court on a motion for a continuance is largely discretionary but is subject to review on appeal.   p. 80.

From Warrick Circuit Court; *Roscoe Kiper*, Judge.

Action by John Rasch against Mary Deacon.   From a judgment for plaintiff, defendant appeals.   *Reversed.*

*W. W. Ireland, William Reister* and *Henry F. Fulling,* for appellant.

*Philip C. Gould,* for appellee.

COMSTOCK, J.—Appellee, plaintiff below, brought this action against the appellant to recover possession of real estate and damages for the wrongful detention thereof.   The action was brought before a justice of the peace, and judgment rendered for appellee, from which judgment an appeal was taken to the Superior Court of Vanderburgh County, then by a change of venue to the Warrick Circuit Court, where the case was submitted to a jury.   The jury returned a ver-

dict, giving appellee possession of said real estate and $140 damages, on which verdict the court rendered judgment.

The appellant assigns as error the action of the court in overruling appellant's motion for a new trial and the overruling of appellant's motion for a continuance. The reasons for a new trial are that the court refused to grant a continuance in the trial of said cause, that the verdict is not sustained by sufficient evidence, and that the verdict is contrary to law.

On May 27, 1905, at the May term of the said Warrick Circuit Court, appellant filed her verified motion for a continuance. On June 7, 1905, of the same term, the court sustained appellant's motion for a continuance, and the cause was continued until the next term, the October term of said Warrick Circuit Court. On June 24, of the same term, the parties agreeing thereto, said cause was set for trial on October 10, 1905, the same being the next, or October, term of said Warrick Circuit Court. On October 10, 1905, appellant filed her verified motion for a continuance of said cause, which motion was by the court overruled. Said court of its own motion postponed the hearing of said cause to October 20, 1905. On October 20, 1905, appellant again filed her motion for a continuance. The plaintiff filed a written admission that the defendant would, if in court, testify to the facts material to the issues as stated in the affidavits of defendant for a continuance. In support of the motion for a continuance, the affidavit of W. W. Ireland, senior counsel for defendant, was filed, in which it was shown that the appellant was sick and could not attend the trial, and that proper defense could not be made without her, as the facts were particularly known to her, and could not be proved by any other person, and that her mental condition was such that she could not give an intelligent deposition; that appellant had a meritorious defense, to wit, that she never rented the premises in controversy from the plain-

tiff, or any one else, and never agreed to pay the rent in advance. Said Ireland, for appellant, further stated in said affidavit that his health was such that he was unable to attend the trial. The affidavit of William Reister, in support of said motion, was also filed, in which affidavit he stated that he was junior counsel for appellant, but had relied upon the senior counsel, W. W. Ireland, to prepare and conduct the defense; that the appellee will rely upon statements and admissions made by appellant, and contained in the depositions of Will Rasch, Miss Tillie Rasch, and Miss Minnie Rasch. These statements and admissions appellant will deny, that there is no other person by whom these statements can be denied, and her presence at the trial is necessary to make defense. The affidavit of J. H. Willis, a physician attending on appellant, was also filed, in which affidavit he states that appellant was a woman sixty years of age, and is suffering from chronic ulceration of the lower limb; that she is unable to walk, is wholly unable to be taken to Boonville to the trial, and that it would be impossible for her to give intelligent deposition if taken quietly at home, but that it is probable that it would be possible for her to give a deposition within the next month. This affidavit was concurred in and approved by William E. Cottingham, also an attending physician.

We think it follows that the trial court erred in refusing a continuance only on account of those portions of the affidavit which set forth the necessity for the defendant's presence at the trial and her inability to be present. It is shown that the appellant was an old woman, unable to walk, and wholly unable to go or be taken to Boonville (the seat of justice), and unable to be in court to testify, and that her nervous system was so broken that it would be impossible for her to give an intelligent deposition, even if taken quietly in her home; that it was probable that within a month she would be able to give her deposition. The affidavits thus

show the necessity for appellant's presence, her inability to be present, and a nervous condition which would have rendered her presence unavailing. It appears that a delay of a month would probably have resulted in her being able to attend court and testify, or, at any rate, to give her deposition. The privilege of a party to be present at the trial of his or her cause is a most important one. It should not be denied, when a party is without fault. In the case at bar appellant's testimony was material, could not be procured from any other witness, and through her misfortune, and not her fault, she was prevented from giving it.

The statute (§413 Burns 1901, §410 R. S. 1881), which provides that where an application for a postponement of a trial is based upon the absence of material evidence 2. and is supported by affidavit, if the adverse party will consent that on the trial the facts shall be taken as true if the absent evidence is written or documentary, and in case of a witness that he will testify to said facts as true, the trial shall not be postponed for that cause, applies especially to witnesses. In the case before us the appellant was more than a witness in her relation to the action. She was the only defendant in the case, and the section of the statute is not strictly applicable to her in the motion made in her favor for a continuance of the cause. *Welcome* v. *Boswell* (1876), 54 Ind. 297; *Schwartz* v. *Parsons* (1899), 22 Ind. App. 340.

We need not cite authorities in support of the proposition that as a general rule the granting of applications for a continuance are within the sound discretion of the trial 3. court. It is also well settled that the exercise of such sound discretion may be reviewed.

While prior applications were made for a continuance, the ground or grounds of such applications did not appear. "An examination of the affidavits in connection with the entire record convinces us that in the exercise of a proper judicial discretion the court below should have continued

the cause, and that it erred in refusing to do so." *Post* v. *Cecil* (1894), 11 Ind. App. 362.

Judgment reversed, with instructions to sustain the motion for a new trial.