CLODFELDER *v.* WALKER.

[No. 29,218. Filed April 7, 1955.]

*Gray & Waddle,* of Petersburg, for appellant.

*Harvey K. Ramsey,* Prosecuting Attorney, 12th Judicial Circuit, and *E. Rabb Emison,* Deputy Prosecuting Attorney, 12th Judicial Circuit, both of Vincennes, for appellee.

ACHOR, J.—This is a cause of action by appellee to have the appellant declared the father of her child subsequently born out of wedlock and to require him to fulfill the obligations of a father. There was a trial by the court, which court adjudged that appellant was the father of such child and that he should pay for the support of said child until it became of age or self-supporting.

The grounds stated in appellant's motion for new trial and relied upon in this appeal are as follows:

1. The court erred in refusing to grant the appellant a continuance of the trial of this cause, which continuance was asked because of the absence of two witnesses for whom subpoenas had been issued.

2. The court erred in denying the appellant a trial by jury.

3. The court erred in compelling appellee to go to trial before the appellant or his counsel were present in the courtroom, and without any default having been taken against the appellant.

We will first consider the question as to whether the court committed reversible error by the overruling of his verified motion for continuance. Appellant concedes that the granting or the refusal to grant a continuance rests within the sound discretion of the trial court. Appellant also concedes that the denial of a motion for continuance is not reversible error unless the court abuses its discretion in denying the application. The affidavit for continuance substantially complies with the requirements of §2-1301, Burns' 1946 Repl. Appellant contends therefore that the refusal to grant a continuance under the facts presented constituted an abuse of the court's discretion.

As supporting his contention that the trial court abused its discretion in denying his motion for continuance, appellant cites the cases of *Deacon* v. *Rasch* (1907), 40 Ind. App. 77, 80, 81 N. E. 84, 85; *Bartel* v. *Tieman et al.* (1876), 55 Ind. 438, 440. However, we are confronted by facts which did not exist in the above cited cases. In this case, according to the affidavit, subpoenas for the absent witnesses were issued on March 10, 1954, eight days before the date for trial. With respect to these subpoenas appel-

lant stated in his affidavit "that until after the issuing of the subpoenas, this affiant did not know of the absence of the witnesses: that on various days after the issuing of subpoenas this affiant attempted to locate said witnesses and learned of their absence (from the state) for the first time (not stating when) and too late to procure his evidence at the present term of court." Here we are confronted with the fact that appellant waited until after the case had been called for trial to file his motion for continuance.

The general rule with regard to the time for filing motions for continuance has been stated as follows:

> "An application or motion for a continuance should be made at the earliest practicable time after knowledge of the necessity for a continuance is acquired. Accordingly, unless a good reason appears for allowing it thereafter, where a party has not been diligent in seeking a continuance prior thereto, a motion for a continuance . . . *after a case has been called for trial,* . . . (or) *after actual trial has commenced,* . . . is not timely made. . . ." 17 C. J. S., §87, pp. 256, 257.

Failure on the part of a party to timely file his motion for continuance operates as a waiver of any right to continuance which he might otherwise have had. Under the circumstances we cannot say that the denial of the motion for continuance constituted abuse of the court's discretion.

Next we consider appellant's second contention that the court erred in denying appellant a trial by jury. Appellant's answer in general denial to appellee's petition was filed on May 9, 1952; the cause was first set for trial November 19, 1952; on November 18, 1952, appellant asked for a continuance "because of the absence of important witnesses," and the cause was reset for January 15, 1953. On January 10, 1953, on motion

of the appellant, the venue of the cause was changed to Daviess County. On November 23, 1953, the cause was again continued for the purpose of taking blood tests. On March 15, 1954, it was again set for trial for March 18, 1954. A jury was requested for the first time on March 15.

In the light of the above facts, appellant was not denied his constitutional right to trial by jury. Although the right to trial by jury in civil cases is authorized by Art. 1, Sec. 20, of the Constitution of the State of Indiana, it may be waived. The request for a jury must be made a reasonable period of time before the date of trial so that the parties can give prior consideration to the matter of instructions to the jury, etc., and the jury can be notified to appear for jury duty. The application of this rule has been defined by Rule 1-8A of this court as follows:

> "A jury trial in other than criminal cases where trial by jury may now be had, may be requested by any party within (not later than) ten (10) days after the closing of the issues upon which the cause is tried. A jury trial not so requested shall be deemed waived."

Under the facts here presented, appellant had waived his right to trial by jury. Furthermore, appellant waived his right to a trial by jury by his failure to appear at the trial. Section 2-1904, Burns' 1946 Repl., provides: "Trial by jury may be waived by the parties, in all actions in the following manner: First, by failing to appear at the trial." See *Coleman* v. *Floyd* (1892), 131 Ind. 330, 31 N. E. 75; *Love* v. *Hall* (1881), 76 Ind. 326.

Finally, appellant asserts that the court abused its discretion by commencing the trial at 9:00 A.M., in the absence of appellant and his attorney. Appellant does not contend that he did not know that the court had fixed 9:00 A.M. as the time for

commencement of the trial. Rather, appellant contends that to commence the trial in the absence of the parties was an abuse of discretion, first, because there was no rule of court establishing 9:00 A.M. as the time for commencement of trial; secondly, because the court and the attaches thereof had information that the attorney for appellant was in the process of preparing a motion for continuance (previously discussed in this opinion) —and thirdly, because the appellant was not first defaulted. We will consider these contentions in the order presented. First, the right and authority of a court to set a case for trial at 9:00 A.M. is so basic and inherent that no authorities are needed for this proposition. The right need not be supported by formal rule of court. Secondly, under the circumstances here presented a right to a continuance for the purpose of filing a motion for continuance would depend upon the propriety of that motion. Thirdly, §3-636, Burns' 1946 Repl., relating to paternity cases expressly provides that "If the defendant fails to appear in person for hearing, the hearing may proceed. . . ."

Where, as here, the cause is at issue and set for trial, and the defendant and his attorney are absent without good reason, the cause may be submitted to the court on the issues joined, without the intervention of a jury and without calling the defendant. *The Indianapolis Piano Manufacturing Company et al.* v. *Caven* (1876), 53 Ind. 258.

Judgment is therefore affirmed.

NOTE.—Reported in 125 N. E. 2d 799.