STATE EX REL. BOGER *v.* DAVIESS CIRCUIT COURT ET AL.

[No. 29,857. Filed December 23, 1959.]

200

*Wilbur F. Dassel,* of Evansville, and *Jay O. Chapman,* of Washington, for relator.

*Robert J. Hyatt, pro se.*

BOBBITT, J.—This is an original action wherein relator seeks a writ of prohibition to prevent respondents from granting a change of venue from the county in an action involving the removal of a member of the fire department in the City of Washington, Daviess County, Indiana. We issued a temporary writ. Respondents have duly filed a return closing the issues on the questions presented by relator's petition.

*First:* Relator asserts that Acts 1935, ch. 282, §1, p. 1395, being §48-6105, Burns' 1950 Replacement, under which he has proceeded, does not provide for a change of venue from the county.

This section provides, *inter alia:*

"Either party thereto shall be allowed a change of venue from such court or a change of judge in the same manner as such changes are allowed in civil cases."

We concur with relator that,

"Where the legislature creates a right and prescribes the method whereby the right may be enforced the statutory remedy so provided is ■ exclusive." *City of Ft. Wayne* v. *Bishop* (1950), 228 Ind. 304, 311, 92 N. E. 2d 544.

However, we cannot follow relator's reasoning that the word "court" as used in §48-6105, *supra,* is synonymous with and means the judge of the court. It ■■ seems to us that the very language of the statute —"a change of venue from such court *or* a change of judge," refutes relator's conclusion. (Our italics.) His contention that "a change of venue from such court" means another court within the same county, is also without merit. If the statute grants a change of venue from the court and there is only one court within the county, then in order to make the statute effective it must follow that such change would be to a court of concurrent jurisdiction in another county. The Legislature knew, at the time the Act was passed, that a great majority of the counties in the State have only one of the courts mentioned in §48-6105, *supra.* To adopt the construction of the change of venue provision of the Act as urged by relator would make such provision a nullity in a vast majority of the counties in the State.

It will not be presumed that the Legislature intended to do a useless thing or to enact a statute which ■ is a nullity. *Combs* v. *Cook* (1958), 238 Ind. 392, 151 N. E. 2d 144, 147.

It seems clear to us that the defendant, City of Washington, is entitled to a change of venue from the county under the provisions of the statute.

*Second:* Relator asserts that if the statute (§48-6105, *supra*) does provide for a change of venue from the

county it is in violation of Art. 4, §22(4) of the Constitution of Indiana and, therefore, void. The Act here under consideration applies in like manner to all of the ninety-two counties in the State. Its provisions are not limited to a change of venue from one court to another within the same county as was true in the statute involved in *Board, etc.* v. *Albright* (1907), 168 Ind. 564, 81 N. E. 578, hence the Act here is not special within the meaning of Art. 4, §22, *supra,* but is a valid general statute applying alike to all counties within the State.

Other cases cited by relator on this question furnish him no support.

*Third:* Relator further asserts that if the Act is constitutional and grants defendant, City of Washington, a change from the county, respondents are without authority to grant the same because application therefor was not made within ten days "after the issues were closed and no supporting affidavits were filed with the motion" as provided by Rule 1-12B of this Court.

The pertinent part of such rule is as follows:

"In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for change of judge or change of venue shall be filed not later than ten (10) days after the issues are first closed on the merits, *or if the issues are closed without answer by operation of law, . . .*" (Our italics.)

Section 48-6105, *supra,* further provides:

"Such appeal shall be taken by such party filing in such court, within thirty [30] days after the date such decision is rendered, a bond as herein required and a verified complaint stating in concise manner the general nature of the charges against him or her, the decision of the board thereon, and a demand for the relief asserted by plaintiff. Such

city shall be named as the sole defendant and plaintiff shall cause summons to issue as in other cases against such city.

"No pleadings shall be required by such city to such complaint, but the allegations thereof shall be deemed to be denied.

"Any such decision of the board shall be deemed prima facie correct and the burden of proof shall be on the party appealing. All such appeals shall be tried by the court unless written request for jury be made not less than five [5] days before the date set for said hearing, and shall be heard de novo upon the issues raised by the charges upon which the decision of the board was made, which charges shall be deemed to be denied by the accused person. Within ten [10] days after the service of summons said board shall file in said court a full, true and complete transcript of all papers, entries and other parts of the record relating to such particular case, . . ."

It would seem from the foregoing provisions of the statute that the "issues" in a proceeding thereunder, are closed "without answer by operation of law," since no pleadings are required by the City of Washington and the allegations of both the complaint and the charges upon which the decision of the Board is based are "deemed to be denied." This presents the question—When were the issues closed in the trial court in the present case?

The complaint (appeal) herein was filed with the Judge of the Daviess Circuit Court on July 27, 1959. The defendant, City of Washington, filed a transcript of the proceedings relating to the case on August 4, 1959, and the judge, in vacation, ordered summons issued returnable August 15, 1959. Defendant City of Washington filed its motion for a change of venue from the county on September 19, 1959.

Since the statute provides that the Board shall have "ten [10] days after the service of summons" within which to file a complete transcript of all the record relating to the case, it would seem that the issues in such case would be closed either upon the filing of the transcript or at the expiration of such ten-day period, whichever first occurs.

The summons in the case here was served on July 27, 1959, and the ten-day period for filing the record expired on August 6, 1959. However, the defendant City of Washington filed a transcript of the record on August 4, 1959. The issues were then first closed by operation of the statute on August 4, 1959, when the transcript was filed and under Rule 1-12B, *supra*, the City of Washington's time for filing a motion for a change of venue expired on August 14, 1959. Under these circumstances the Circuit Court of Daviess County was without authority to grant the petition for change of venue which was filed by the City of Washington on September 19, 1959.

It is asserted by respondents in their return that "proof of service of summons on the City of Washington was never made." Any question pertaining to the service of summons herein was waived by the filing of the transcript of the proceedings had before the Board on August 4, 1959.

Section 48-6105, *supra*, further provides that any appeal thereunder "shall take precedence over other pending litigation," and that the judge may hear the appeal and render judgment therein "during a vacation" of the court. These provisions indicate that all proceedings under this section are to be expedited because of the nature of the action, and in order to carry out this intention, so clearly expressed by the

Legislature, we have strictly construed Rule 1-12B, *supra*, in its application to this proceeding.

All questions raised by the petition for writ have been answered for the reason that this was necessary in order that the hearing on the charges filed might proceed without further delay.

The temporary writ heretofore issued is made permanent and the judge of the Daviess Circuit Court is instructed to reassume jurisdiction of the proceedings herein being Cause No. 24453 in the Daviess Circuit Court.

Arterburn, C. J., Jackson and Landis, JJ., concur.
Achor, J., not participating because of illness.

NOTE.—Reported in 163 N. E. 2d 250.