STATE EX REL. BEAVEN *v.* MARION JUVENILE COURT ET AL.

[No. 30,117. Filed July 10, 1962.]

210

*Ferdinand Samper*, of Indianapolis, for relator.

*Lawrence H. Hinds*, and *Nicholas Velonis*, both of Indianapolis, both of counsel, for respondents.

*Harold N. Fields, pro se.*

ARTERBURN, C. J.—*The relator has asked for a writ of mandate to compel the respondent to grant a jury trial in a paternity proceeding. The trial court denied the request because it did not comply with Rule 1-8A. That is to say, the request was not filed within ten days "after the issues are first closed . . ., or if the issues are closed without answer by operation of law."

The record shows here that this cause was filed on May 20, 1960. A continuance was granted on August 13, 1960 upon request of the defendant and a second continuance was granted on December 1, 1960 on request of the plaintiff. The cause was set for hearing on March 17, 1961, but the relator (defendant below) did not appear and it was again continued when relator's counsel withdrew. New counsel appeared on April 6, 1961 for relator and then filed an answer and also a request for a jury trial, which the trial court refused.

In this case we have before us a unique statutory proceedings. It is both civil and criminal in character, in that the statutes provide in the alternative for the issuance of notice to the defendant by the service of summons or for his arrest, as in criminal cases. Acts

---

* This case was reassigned at a conference of this court on June 26, 1962, and the writer of this opinion received it for the first time on that date.

1941, ch. 112, §§12, 13, p. 301, being §§3-634, 3-635, Burns' 1946 Repl.

It is apparent from the tenor of the law that it is intended that the proceedings be conducted expeditiously in order that the infant, which is the subject of the action, may be supported from the time of its birth. See: *Davidson* v. *The State, ex rel. Vanmeter* (1878), 62 Ind. 276, 280. Thus, consistent with the purpose of the act, it is provided that in event the defendant fails to appear at the time fixed for hearing of the matter, the cause may be heard in his absence. Acts 1941, ch. 112, §14, p. 301, being §3-636, Burns' 1946 Repl.

The statute is silent as to the legislative intention with regard to the formation of issues in this proceeding. Although the former statute provided that the rules regarding civil cases should govern such proceedings, this provision was omitted from the present statute (See: *Reynolds* v. *The State, ex rel. Cooper* (1888), 115 Ind. 421, 422, 17 N. E. 909, 910) which included the new and additional provision that the proceedings might be heard in the absence of the defendant in event of his failure to appear. *Clodfelder* v. *Walker* (1955), 234 Ind. 219, 125 N. E. 2d 799. This would indicate a legislative intention that in these proceedings, although formal pleadings might be permitted as in ordinary civil cases, such formality in the formation of issues is not necessary.

Under the above circumstances, if the parties by their action with respect to the case, adopt the position that the cause will be tried upon the issues asserted in the petition of the relator, without the formality of pleadings as required in civil cases generally, the parties by such action

(by their own conduct) adopt the position that insofar as the closing of issues is necessary to an expeditious disposition of the case, the issues will be considered closed "by operation of law." A defendant who either actively or passively consents to the setting of a case for trial without the issues being formally closed by the filing of an answer and thus treats the issues as being closed by operation of law, cannot thereafter demand any action in the case which, by rule of this court, he should have asserted prior to the closing of the issues.

Under the facts of this case, if a party makes no timely objections as soon as he learns of the setting of a case for trial where the issues are not yet formally closed by an answer, he has waived his opportunity to request a jury trial under the rule of this court.

To require the trial court to grant a jury trial under the facts in this case would establish a precedent under which a defending party in any case could delay filing his answer (even though not required to file an answer under the procedure) until the day of trial and then request a jury trial or, under the rule with reference to a change of venue, request a change of venue. To permit such an interpretation of our rule is not consistent with its objective.

In *Hayworth* v. *Bromwell* (1959), 239 Ind. 430, 437, 158 N. E. 2d 285, 288, we said:

> "Under the rule prevailing prior to the adoption of Rule 1-8A, *supra*, a jury trial could be demanded on the morning the trial was to begin. This resulted in many delays and added to the cost of the litigation. The effects of such action are so generally known that it seems unnecessary to burden this opinion by elaborating on them.

"The adoption of Rule 1-8A, *supra*, was simply an act by this court designed to expedite the decisions of cases and remedy an abuse in the practice." See also: *State ex rel. Boger* v. *Daviess Circuit Court* (1959), 240 Ind. 198, 163 N. E. 2d 250; *State ex rel. Blood et al.* v. *Gibson Circuit Ct.* (1959), 239 Ind. 394, 157 N. E. 2d 475; *State ex rel. Janelle* v. *Lake Sup. Ct.* (1957), 237 Ind. 3 , 4, 143 N. E. 2d 288; *Vinson* v. *Rector et al.* (1962), 243 Ind. 152, 182 N. E. 2d 799.

The alternative writ is dissolved and the permanent writ is denied.

Achor and Landis, JJ., concur.

Jackson, J., dissents with opinion in which Bobbitt, J., concurs.

### DISSENTING OPINION.

JACKSON, J.—I cannot agree with the majority opinion herein. This is an original action brought by relator for an alternative writ of mandate to compel the respondents to grant relator a trial by jury in Cause No. PT 60-213 pending in the respondent court. Respondents in their return contend that the denial of relator's request for trial by jury was proper, and that the temporary alternative writ of mandate granted by this Court should be dissolved and not be made permanent.

The proceeding in the respondent court in which a trial by jury is sought involves a petition to establish paternity wherein the relator here is named as defendant. Said petition was filed on May 20, 1960, in the respondent court and summons was issued thereon returnable June 6, 1960. The defendant-relator appeared by counsel who later withdrew his appearance.

New counsel entered his appearance for relator in the case below on April 6, 1961 and relator filed an

answer in denial to the petition. Also, on said date, relator filed his demand for trial by jury.

Relator's demand for trial by jury was overruled by the respondent judge for non-compliance with Rule 1-8A of this Court. A motion filed by relator requesting the respondent judge to reconsider his ruling denying relator's request for trial by jury was likewise overruled. This original action to compel such jury demand then followed.

The statute providing for actions concerning children born out of wedlock specifically gives the right of trial by jury if requested by either party to the action. Acts 1941, ch. 112, §16, p. 301, being §3-638, Burns' 1946 Replacement. Although it is so provided, the right of a trial by jury may be waived by failure to comply with the procedure regulating the exercise of such right. *Clodfelder* v. *Walker* (1955), 234 Ind. 219, 125 N. E. 2d 799; *Hayworth* v. *Bromwell* (1959), 239 Ind. 430, 158 N. E. 2d 285.

In addition to the statute[1] regarding waiver of jury trial, this Court has adopted Rule 1-8A governing the procedure by which a party may waive his right to a jury trial in all cases other than criminal.[2] This rule provides, *inter alia,* that:

---

1. The Legislature has provided ways in which a jury trial may be waived.

"First. By failing to appear at the trial.

"Second. By a written consent, in person or by attorney, filed with the clerk.

"Third. By oral consent in open court, entered on the record."

Acts 1881 (Spec. Sess.), ch. 38, §393, p. 240, being §2-1904, Burns' 1946 Replacement.

2. While the legislature has provided how the right to a jury trial may be waived, Rule 1-8A must be construed in harmony with and subject to the requirements of Art. 1, §20 of the Indiana Constitution which provides the right of trial by jury shall remain inviolate.

"A jury trial in all cases other than criminal, where a trial by jury may now be had, may be requested by any party not later than ten (10) days after the issues are first closed upon which the cause is tried, or if the issues are closed without answer by operation of law, . . ., not later than ten (10) days after the party has knowledge the cause is ready to be set for trial. . . . A jury trial not so requested shall be deemed waived."

Basically, two situations are posed in the rule: (a) when the issues are first closed by answer or reply; (b) when the issues are closed by operation of law without answer.

It is relator's contention that the filing of his answer in denial on April 6, 1961, first closed the issues, and that the request for trial by jury was made on the same day, therefore, such request was within the ten (10) days after the issues were first closed in compliance with Rule 1-8A of this Court.

Rule 1-8A has been applied by this Court in relation to a demand for a jury trial in a paternity case. *Clodfelder* v. *Walker* (1955), 234 Ind. 219, 125 N. E. 2d 799. In the *Clodfelder* case we were concerned with a situation where the defendant had closed the issues with an answer in general denial on May 9, 1952, but he first requested a trial by jury on March 15, 1954. It was held that under these circumstances the defendant had waived his right to a trial by jury.

Respondents contend that situation (b) under Rule 1-8A, *supra*, is applicable here, since the issues were first closed by operation of law. Therefore, respondents argue that relator's request for trial by jury was not timely filed under the Rules of this Court because it was not filed within ten (10) days after the issues were closed by operation of law.

Until the cause is submitted for actual trial the defendant is not precluded from filing his or her answer to the complaint in order to close the issues.

We take issue with the conclusion reached in the majority opinion which states the law to be, "[u]nder the above circumstances, if the parties by their action with respect to the case, adopt the position that the cause will be tried upon the issues asserted in the petition of the relator, without the formality of pleadings as required in civil cases generally, the parties by such action (by their own conduct) adopt the position that insofar as the closing of issues is necessary to an expeditious disposition of the case, the issues will be considered closed 'by operation of law.' A defendant who either actively or passively consents to the setting of a case for trial without the issues being formally closed by the filing of an answer and thus treats the issues as being closed by operation of law, cannot thereafter demand any action in the case which, by rule of this court, he should have asserted prior to the closing of the issues. Under the facts of this case, if a party makes no timely objections as soon as he learns of the setting of a case for trial where the issues are not yet formally closed by an answer, he has waived his opportunity to request a jury trial under the rule of this court." The facts, in the case at bar, show an answer filed and request for jury trial made before the cause was submitted. Therefore the facts do not warrant the conclusion.

We are also confronted with the question of the meaning of the phrase "closed by operation of law." Black's Law Dictionary (3rd Ed.) page 1294 says: "Operation of Law. This term expresses the manner in which rights, and sometimes liabilities, devolve upon

a person by the mere application to the particular transaction of the established rules of law, without the act or co-operation of the party himself." Ordinarily the term indicates that in some special statutory proceedings no answer is required to be filed to the bill or complaint, but that the issue thereon shall stand on the complaint or transcript of the record. In other cases where answer is permitted or required and the defendant embarks upon the actual trial without filing an answer he is deemed to have waived his right thereto and is governed by the doctrine of estoppel; also in some cases it is held that where the defendant proceeds to the actual trial without filing a formal answer, the law interposes an automatic answer in denial. No one of the aforesaid factual situations exists in the case at bar, thus here the majority conclusions are untenable.

The statement in the majority opinion that "[a] defendant who either actively or passively consents to the setting of a case for trial without the issues being formally closed by the filing of an answer and thus treats the issues as being closed by operation of law, cannot thereafter demand any action in the case which, by rule of this court, he should have asserted prior to the closing of the issues," constitues a real and serious threat to every litigant and every attorney. Under such a doctrine it would be possible to ignore the return date of the summons or notice, the filing of motions, demurrers, answers or cross-complaints and for plaintiff's attorney, at the time of filing the complaint, to request the court to set the cause for a day certain, even before the summons is served, thus depriving the defendant of his day in court.

Respondents make an analogy between the language of Rule 1-8A and that of Rule 1-12B governing the time for filing motions for change of venue. The relevant portion of Rule 1-12B to which respondents refer reads as follows:

"In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for change of judge or change of venue shall be filed not later than ten (10) days after the issues are first closed on the merits, or if the issues are closed without answer by operation of law. . . . not later than ten (10) days after the party has knowledge the cause is ready to be set for trial."

Respondents cite *State ex rel. Boger* v. *Daviess Circuit Court* (1959), 240 Ind. 198, 163 N. E. 2d 250, for a construction of Rule 1-12B which in turn they contend can be applied to Rule 1-8A in the instant case. The *Boger* case, *supra*, was an original action seeking a writ of prohibition to prevent the granting of a change of venue from the county in an action involving the removal of a member of the fire department of Washington, Indiana. The proceeding involved was a special statutory proceeding. Relator in that case was taking an appeal from his dismissal as a member of the fire department. This Court took cognizance of the statute which provides that such appeal should be initiated by the filing of a verified complaint. "No pleadings shall be required by such city to such complaint, but the allegations thereof shall be deemed to be denied." Acts 1935, ch. 282, §1, p. 1395, being §48-6105, Burns' 1950 Replacement. Instead of pleadings, said statute provides that within ten (10) days after the service of summons the board of public safety was under a duty to file in the court a complete transcript of all papers, entries and other

parts of the record relating to the particular case. We concluded as follows regarding the closing of issues:

"The summons in the case here was served on July 27, 1959, and the ten-day period for filing the record expired on August 6, 1959. However, the defendant City of Washington filed a transcript of the record on August 4, 1959. The issues were then first closed by operation of the statute on August 4, 1959, when the transcript was filed and under Rule 1-12B, *supra*, the City of Washington's time for filing a motion for a change of venue expired on August 14, 1959. Under these circumstances the Circuit Court of Daviess County was without authority to grant the petition for change of venue which was filed by the City of Washington on September 19, 1959." *State ex rel. Boger* v. *Daviess Circuit Court* (1959), 240 Ind. 198, 204, 163 N. E. 2d 250.

The situation found in the *Boger* case is not at all applicable to the statutory proceedings we are concerned with here. There is nothing in the paternity statute which dispenses with pleadings and requires the filing of a transcript as is provided in the statute applicable in the *Boger* case. Thus, the analogy which respondents attempt to make between Rule 1-12B as construed in the *Boger* factual situation does not extend to this case and Rule 1-8A. Respondents, in fact, admit that the paternity statute contains no specific provisions declaring when the issues are closed, but they contend that under the earlier bastardy statute (taken as a background of the present law) that the defendant was not required to file an answer before going to trial. *McReynolds* v. *The State, ex rel. Freeman* (1876), 52 Ind. 391; *DePriest* v. *The State, ex rel. Harris* (1897), 68 Ind. 569.

We do not quarrel with respondents' contention as applied to the factual situation involved in the cases

cited by the respondents where the defendant has gone through a trial and then urges that there was error in the proceedings because he did not file an answer. As stated in the *McReynolds* case, *supra,* "[t]here having been a jury trial, we must presume the appellant denied the charge. At least, he has had all the benefit of such a denial." In addition, respondents further contend that generally in civil cases, if the cause is submitted for trial without all of the pleadings answered, the unanswered pleadings are presumed denied. Again we have no quarrel with this general statement, but we do not believe that it is applicable here where the cause has not actually been submitted to trial.

Therefore, it is our conclusion that the issues in the case at bar were first closed with the filing of the relator's answer in denial on April 6, 1961, and the request for jury trial made on the same date was timely filed. It was the duty of the respondent court to grant relator's request for trial by jury.

The alternative writ of mandate heretofore issued should be made permanent.

Bobbitt, J., concurs.

NOTE.—Reported in 184 N. E. 2d 20.