MUTUAL HOSPITAL SERVICE, INC. *v.* THE INDIANA
EMPLOYMENT SECURITY BOARD, ETC., ET AL.

[No. 20,214. Filed February 21, 1966.]

*William P. Wooden, Robert L. McLaughlin,* and *Barnes, Hickam, Pantzer & Boyd,* of counsel, all of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Keith Campbell* and *William C. Haase, Jr.,* Deputy Attorneys General, for appellee.

FAULCONER, J.—Appellant, Mutual Hospital Service, Inc. (hereinafter referred to as "appellant-Hospital") on Febru-

ary 13, 1963, filed its application for exemption from the Indiana Employment Security Act stating that it is a non-profit corporation. On March 7, 1963, appellant's application was denied by the Indiana Employment Security Division (hereinafter referred to as "appellee-Board"), and on March 22, 1963, its notice and demand for payment assessing delinquent contributions for the years 1959, 1960, 1961 and 1962 was issued to appellant-Hospital. On March 22, 1963, appellant-Hospital filed its formal protest to such assessment. On July 17, 1963, a hearing was held before the Liability Referee, and on May 11, 1964, the Liability Referee made his findings of fact and handed down his decision holding that appellant-Hospital is not organized and operating exclusively for charitable purposes and is not exempt from the payment of contributions under the exclusionary provisions of § 702(e) of the Indiana Employment Security Act.

The sole question presented in this appeal is whether appellant-Hospital comes within the provisions of § 702(e), *supra,* as amended by Acts 1951, ch. 295, § 3, p. 955, § 52-1531a(e), Burns' 1964 Replacement, exempting certain corporations from the term "employer" as used in the Employment Security Act.

Section 52-1531a(e), *supra,* reads as follows:

"Except as provided in sections 904 or 905 [§§ 52-1533c, 52-1533d], the term 'employer' shall not include a corporation, community chest, fund, or foundation organized and operated exclusively for religious, charitable, scientific, literary or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, except to the extent that the business or activity or any part thereof carried on by any such corporation, community chest, fund or foundation employing persons in such business or activity is of a commercial character such as is commonly performed by persons or private corporations for profit. Provided, That any such corporation, community chest, fund or foundation shall be presumed to be included by such term until and unless such corporation, community chest, fund or foundation has duly filed with

the director of the division a full statement of facts under oath, setting out its articles of incorporation or the terms, premises and contractual provisions of its organization, fully defining its activities and purposes and upon review thereof by the director, has been issued by the director a certificate of exemption upon a finding by such corporation that such organization should be exempt from the payment of contributions under this act. Any such certificate of exemption shall be canceled and voided by the director as of the day and date that such right to exemption ceased to exist as he may thereafter determine."

The pertinent facts in this case for our purpose are not in dispute and are set forth in the following findings and conclusions of the Liability Referee.

"5. On February 20, 1958, Mutual Hospital Service, Inc., was organized as a not-for-profit corporation in accordance with 'The Indiana General Not-For-Profit Corporation Act' and has no capital stock or shareholders.

"6. Under its Articles of Incorporation and the two amendments thereto the purposes of Mutual Hospital Service, Inc., (in part) are as follows:

(1) 'To operate solely for the purpose of collecting accounts for hospitals qualifying as charitable institutions to the end that such charitable institutions may obtain greater financial ability through collection of hospital accounts from persons able to pay for services to afford more hospital care for those who cannot pay for such services; PRO-VIDED: such purpose shall be subject to the condition and limitation that no part of net earnings, if any, of this corporation shall inure to the benefit of any member hereof, and that the corporation shall engage in no act or activity which will deprive it of tax exempt status under the income, estate and gift tax provisions of the laws of the United States of America. . . .

(2) 'To obtain and acquire by purchase or in any other lawful manner, information, statistics, facts, and circumstances of, relating to, or affecting the business, capital, debt, solvency, credit, responsibility and commercial condition and standing of any and all persons doing business with or having done business with the members hereof; . . .

(3) 'To prepare and distribute pamphlets, catalogues, reports, ratings, digests, lists, and other printed matter of interest or use to members hereof. . . .

(4) 'To do all things and have and exercise, as occasion may require, all powers of corporations not-for-profit, authorized and provided by law, in furtherance of said purposes.'

"7. The By-Laws of the protestant corporation provide (in part) the following:

(1) 'The membership of this organization shall be restricted to persons, firms, corporations, universities and institutions engaged in the care, treatment, hospitalization, medication, surgical treatment and curing of injured, sick and infirm persons. . . .

\* \* \* \* \*

(4) 'The affairs of this corporation shall be managed by the Board of Directors. They shall employ such agents and servants and confer upon them such duties and powers as they deem advisable and fix the rate of compensation for employees or make provision for the delegation of authority to fix wages for all employees. . . .

(5) 'The officers of the corporation may employ a manager to supervise and conduct the everyday business affairs of the corporation, . . .'

\* \* \* \* \*

"9. The protestant received notice from the U. S. Treasury Department, The Internal Revenue Service, indicating that Mutual Hospital Service, Inc., was exempt from income tax under the Internal Revenue Code, as a corporation organized and operating exclusively for charitable purposes.

\* \* \* \* \*

"Considering all the facts of this case and in light of authorities previously discussed, together with the fact that the Indiana Employment Security Act is remedial in character and must be liberally construed to the end that provision be made for unfortunate persons out of employment, it is concluded that Mutual Hospital Service, Inc., is not a corporation organized and operating exclusively for charitable purposes, no part of the net earnings of which inures

to the benefit of any private shareholders or individuals, but on the contrary is a not-for-profit corporation organized and operating for the purpose of rendering a service to charitable organizations on a business basis. Consequently, Mutual Hospital Service, Inc., is not an exempt employer under the provision of the Indiana Employment Security Act. . . ."

By way of stipulation at the hearing, the Employment Security Division agreed that appellant-Hospital is a not-for-profit corporation; that it works exclusively for religious and charitable institutions; that it performs its services on a non-profit basis; that it has been held exempt from liability for contributions under the Federal Unemployment Tax Act; and that it is owned solely and exclusively by the member hospitals.

Appellant asserts that its operations are *not* open to the public, but by express provision in its Articles of Incorporation its services are limited to the member charitable hospitals.

Appellant further asserts that the Liability Referee based his decision solely on the ground that appellant-Hospital was performing a business or activity of a commercial character "such as is commonly performed by persons or private corporations for profit."

Appellees assert that the "Liability Referee based his decision upon the finding and conclusion that under the evidence it had been affirmatively shown that appellant is a not-for-profit corporation organized and operating for the purpose of rendering a service to charitable organizations on a business basis, and that appellant is not a corporation organized and operating exclusively for charitable purposes, no part of the net earnings of which inures to the benefit of any private shareholders or individuals."

The decision of the Liability Referee states,

"Mutual Hospital Service, Inc., was not organized for, nor does it directly engage in, the care, treatment, hospitaliza-

tion, medication, surgical treatment and curing of injured, sick and infirm persons. Instead, in order to further its stated purpose, the corporation's immediate function is the *operation of a business not usually identified as a charity and one commonly carried on by commercial organizations for profit."* (Emphasis supplied.)

The above is an exception to the exemptions provided in § 52-1531a(e), *supra.*

Such decision of the Liability Referee further states,

"[I]t is concluded that Mutual Hospital Service, Inc., is not a corporation organized and operating exclusively for charitable purposes, no part of the net earnings of which inures to the benefit of any private shareholders or individuals, but on the contrary is a non-for-profit [not-for-profit] corporation organized and operating for the purpose of rendering a service to charitable organizations on a business basis."

It is thereby difficult to determine if the Liability Referee concluded that appellant-Hospital was not exempt under § 52-1531a(e), *supra,* on the ground 1) that its business "is the operation of a business not usually identified as a charity and one commonly carried on by commercial organizations for profit"; or, because 2) "Mutual Hospital Service, Inc., is not a corporation organized and operating exclusively for charitable purposes, . . ."; or both.

If we were to accept the first ground given by the Liability Referee for the conclusion of non-exemption, we arrive at an interpretation of § 52-1531a(e), *supra,* which results in saying that even though an organization or corporation qualifies as a charitable organization in all other respects if its business is of a commercial character such as commonly performed by private corporations for profit it, therefore, is not exempt.

We do not feel that such was the intent of the Legislature. To so hold could for all intent and purpose make the exemption provision of the statute meaningless. Further, it would restrict exemptions to only those whose business is *not* of a

commercial character such as commonly performed by persons or private corporations for profit.

"It will not be presumed that the Legislature intended to do a useless thing or to enact a statute which is a nullity. *Combs* v. *Cook* (1958), 238 Ind. 392, 151 N. E. 2d 144, 147." *State ex rel. Boger* v. *Daviess Circuit Court* (1959), 240 Ind. 198, 201, 163 N. E. 2d 250.

If we accept the second ground given by the Liability Referee we arrive at saying that although appellant's member hospitals could each employ persons within their own ■ corporations to collect their individual accounts and still be exempt as a charitable organization, to pool their efforts in a corporation such as appellant-Hospital under the evidence in this case, such latter corporation is not exempt and contributions must be made for its employees. In our opinion this is a distinction without a difference.

Although appellees and the Liability Referee repeatedly state that appellant-Hospital is not a charitable organization, the only reason given is that it does not "directly engage in, the care, treatment, hospitalization, medication . . . of injured, sick and infirm persons." There are, of course, many and varied functions necessary in operating a charitable hospital which one could say do not directly constitute treatment, care, hospitalization, medication, surgical treatment and curing of injured, sick and infirm persons, but we would soon be relieved of the necessity of deciding questions such as is here presented if we held they were unnecessary to the operation of charitable hospitals. Such are not only necessary, but a vital function to the continued survival of a charitable hospital.

The identical arguments here urged by appellees were urged by the United States Government in *Hospital Bureau of Standard & Sup.* v. *United States* (Ct. Cl. 1958), 158 F. Supp. 560, which was an action to recover federal income taxes paid under the provisions of § 101(6) of the Internal Revenue Code of 1939, 26 U. S. C. A. § 101(6). That section provided,

in part, a tax exemption for "Corporations, . . . organized and operated exclusively for . . . charitable, . . . purposes, . . ." The Court of Claims, at page 562 of 158 F. Supp., stated:

"Unquestionably the technical analysis and purchase of hospital supplies from suppliers are necessary and indispensable to the operations of the plaintiff's member hospitals. It was with a view to provide this highly specialized service, that the plaintiff was incorporated."

It further stated at pages 563-564,

"Whether the plaintiff loses its exemption as a result of the 'feeder organization' amendment of the Revenue Act of 1950, section 301(b) involves a question of fact as to whether it was an 'organization operated for the primary purpose of carrying on a trade or business for profit' during the years in question. The nature of plaintiff's activities, essentially involving the evaluation and purchase of necessary hospital supplies for its member organizations, and its corporate and financial structure, a membership corporation without capital stock and stockholders, paying neither interest nor dividends, compensating only its executive director and employees engaged in its daily operations, with its income in excess of operating expenses returned to its members in the form of 'patronage refunds' or retained in a revolving fund to be used exclusively in purchasing items for members, are not the *indicia* of an organization operating for the primary purpose of carrying on a trade or business for profit. At most, the plaintiff was performing a function which each of its member hospitals would have to assume were it not for the plaintiff's existence."

We are mindful of the rule of law that findings of the Referee and the Board are conclusive on appeal. However, in the present case, after a thorough review of the evidence, stipulations and findings thereon, upon which there is no dispute, the conclusion reached by the Liability Referee that appellant-Hospital does not come within the exemptions in § 52-1531a(e), *supra,* either because it fails to qualify as a charitable organization under the exemption in said statute, or because it falls within the exception thereto, is, in our opinion, an erroneous conclusion and, therefore, contrary to law.

We are also aware of the established purpose of the Act and have taken that into consideration in arriving at our conclusion.

For the reasons above stated the decision of the Liability Referee is contrary to law and should be reversed with instructions to enter a decision in favor of appellant-Hospital.

Decision reversed with instructions.

Prime, C. J., Carson and Wickens, JJ., concur.

NOTE.—Reported in 213 N. E. 2d 912.