**DEPARTMENT OF REVENUE, Commonwealth of Kentucky, Appellant,**

v.

**CENTRAL MEDICAL LABORATORY, INC., Appellee.**

Court of Appeals of Kentucky.

Sept. 2, 1977.

William S. Riley, Asst. Atty. Gen., William P. Sturm, Atty., Legal Staff Dept. of Revenue, Frankfort, for appellant.

Robert L. Maddox, Grover C. Potts, Jr., Wyatt, Grafton & Sloss, Louisville, for appellee.

Before HOGGE, PARK and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

Appellee, Central Medical Laboratory, Inc., is a separate non-profit corporation organized for the purpose of establishing a laboratory testing facility for three Louisville non-profit hospitals. The Department of Revenue refused to grant the appellee an exemption from state sales and use taxes because the Department said the appellee did not fall within the constitutional definition of a purely public charity. The laboratory appealed to the Kentucky Board of Tax Appeals which found, in Order No. 4370, dated June 4, 1976, that it was not entitled to a tax exemption. Thereafter, the laboratory appealed to the Franklin Circuit Court which reversed the Board of Tax Appeals, and held that the laboratory was a purely public charity entitled to the tax exemption. The Department of Revenue has now appealed to this Court.

The issue in this case is whether the laboratory is truly charitable in nature so as to be entitled to a tax exemption.

This Court affirms the judgment of the trial court and holds that the laboratory is entitled to tax exemption.

As a separate non-profit corporation, the laboratory performs blood analysis tests for the three member hospitals upon their request. Other non-profit charitable hospitals are eligible for membership in the non-profit corporation. On several occasions tests have been performed for the other hospitals. The appellee was organized upon the recommendation of the Area Health Counsel for the sole purpose of providing centralized laboratory testing facilities for the hospitals. This has resulted in a significant cost reduction with respect to the laboratory tests. Appellee has been able to reduce the cost of each such test by $5.00 per test, with a total savings to its charitable members of approximately $350,000.00 per year. Appellee has also been determined to be a non-profit organization as defined in Section 501(c)(3) of the Internal Revenue Code. All the member hospitals have Kentucky Purchase Exemption Permits as issued by the Department of Revenue.

The record is very clear that the laboratory testing services performed by the appellee for its member hospitals are services which have been previously performed by hospitals. The performance of such services are as an adjunct laboratory to the member hospitals. If these services were not performed by the appellee, they would have to be performed by or contracted for each member hospital as a necessary part of their operational function.

The Kentucky Constitution, Section 170, provides that institutions of purely public charity shall be exempt from taxation. As a general principle, such provisions granting tax exemption must be

strictly construed. In this instance, it is abundantly clear that the functions performed by the appellee, if performed by its member charitable hospitals, would be tax exempt. Kentucky's highest court has examined Section 170 of the Kentucky Constitution on various occasions and determined tax exemptions for charitable and educational institutions. Recently, it has been held that charity includes activities which reasonably better the condition of mankind, and that it is broader than relief to the needy poor. *Commonwealth ex rel. Luckett v. I. W. Bernheim Foundation*, Ky., 505 S.W.2d 762 (1974). The appellee in this instance obtains no pecuniary benefit or return from its services. The general public is the only beneficiary through much lower laboratory fees for the services rendered by the appellee. The contention that the benefit to hospital participants is indirect, and that the benefit goes to reducing the hospitals' overall operating costs, is without merit.

The contention that if the appellee is exempt from taxation others must bear the burden is also without merit. If the member hospitals must pay more for the hospital services performed by the appellee, the difference must be made up by the hospitals themselves. It is clear that the operation of the appellee is only an extension of the hospitals themselves. Exemption for adjunct operations is well settled in Kentucky. *Commonwealth v. Berea College*, 149 Ky. 95, 147 S.W. 929 (1912). Once again it must be realized that if each member charitable hospital performed the functions performed by the appellee, such activities would clearly be within the hospitals' exemption.

The same reasoning has been followed in the federal system and in various other jurisdictions. It has been held that if services are performed exclusively for a purely charitable organization, then the organization performing those services is also a public charity. *Hospital Bureau of Standards and Supplies, Inc. v. United States*, 158 F.Supp. 560, 141 Ct.Cl. 91 (1958).

In Michigan, such a venture towards efficiency in administration of hospital service, as would result from a combination of purchasing of general supplies, was approved for tax exempt status. *Hospital Purchasing Service of Michigan v. City of Hastings*, 11 Mich.App. 500, 161 N.W.2d 759 (1968). The Supreme Judicial Court of Massachusetts granted tax exemption to a laundry association whose function it was to do the laundry for and supply linen to its member charitable hospitals. *Children's Hospital Medical Center v. Board of Assessors of Boston*, 353 Mass. 35, 227 N.E.2d 908 (1967).

The Minnesota Supreme Court reached a similar conclusion in *Community Hospital Linen Service, Inc. v. Commissioner of Taxation*, 245 N.W.2d 190 (1976) in a case involving a consolidated laundry and other hospital services.

The Indiana Appellate Court rejected an attempt by the Employment Security Division of that state to impose a tax on a collection agency which was formed by the charitable hospitals. The court indicated that a variety of functions are necessary in operating any charitable hospital which do not directly relate to the treatment of the sick, but which are vitally necessary to continue a sound operation. *Mutual Hospital Service, Inc. v. Indiana Employment Security Board*, 138 Ind.App. 333, 213 N.E.2d 912 (1966).

KRS 139.470(1) provides for a constitutional exemption for sales and use taxes. The constitutional provision of Section 170 is clearly applicable to the case at bar.

Here, Central Medical Laboratory, Inc., is a purely public charity as contemplated by the constitution, and thus exempt from sales and use taxes. A tax exemption certificate should be issued by the Department of Revenue.

Therefore, it is clear that there is no substantial evidence to support the Kentucky Board of Tax Appeals decision that the laboratory is not a purely public charity.

The judgment of the trial court is affirmed.

All concur.